**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Diego RESTREPO,**
**Defendant–Appellant.**

No. 88–3208.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1989.

Decided Sept. 12, 1989.

As Amended Oct. 4, 1989.

David S. Marshall, Seattle, Wash., for defendant-appellant.

Michael R. Spaan, U.S. Atty., Stephen Cooper, Asst. U.S. Atty., Fairbanks, Alaska, for plaintiff-appellee.

Before WRIGHT, NORRIS and BEEZER, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We consider whether enhancing the base sentencing level because of possession of a firearm during the commission of a drug offense is proper under the Sentencing Guidelines.

## I. BACKGROUND

A paid informant bought cocaine from Diego Restrepo at Restrepo's residence in Fairbanks, Alaska. In a search of the home, agents found cocaine, packaging material, bags, bottles of inositol for mixing with cocaine for distribution, a portable scale, and grinders for processing cocaine. They found scales and other equipment in several places in the residence, including the bedroom, and $1,136 in Restrepo's robe. A loaded .32 caliber automatic pistol was discovered hidden between the mattress and box spring of his bed.

Restrepo was charged with three counts of distribution of cocaine and one count of possession with intent to distribute, violations of 21 U.S.C. § 841(a)(1) (1982). At the conclusion of the evidence at trial, the judge instructed the jury that it could consider evidence of prior criminal acts, not to prove Restrepo did the acts charged, but to prove his state of mind. The jury convicted him on all counts.

The court sentenced him under the Sentencing Guidelines. He was convicted of offenses with a base level of 22, which carries a sentencing range of 41 to 51 months. The court increased the base sentence by two levels under United States Sentencing Commission, *Guidelines Manual* § 2D1.1(b)(1) (1988) [hereinafter Sentencing Guidelines], after finding that Restrepo had possessed a firearm during the commission of one or more of the offenses. The additional two levels increased his sentencing range to 51 to 63 months. The court imposed a sentence of 56 months for each count, to be served concurrently. It also required restitution of $1,850, and imposed a fine of $12,000 and four special assessments of $50 each.

## II. DISCUSSION

### A. Application of the Guidelines

We review *de novo* the application of the Sentencing Guidelines. *Cf. United States v. Sanchez–Lopez,* 879 F.2d 541, 558 (9th Cir.1989); 18 U.S.C.A. § 3742(e)(1) & (2) (West Supp.1989). We review the district court's factual findings for clear error. *Sanchez–Lopez,* at 557; 18 U.S.C.A. § 3742(e) (West Supp.1989).

We consider first whether the court construed the Guidelines correctly. The court must increase the base offense level by two levels if "a firearm or other dangerous weapon was possessed *during* commission of the [drug] offense." Sentencing Guidelines § 2D1.1(b)(1) (emphasis added). This enhancement "reflects the increased danger of violence when drug traffickers possess weapons." *Id.* § 2D1.1 at commentary note 3.

Restrepo argues that § 2D1.1(b)(1) requires the court to find a connection be-

tween the weapon and the offense in order to enhance the base offense level. We construe the terms in the Sentencing Guidelines using their plain meaning. *See United States v. Hoflin*, 880 F.2d 1033, 1036 (9th Cir.1989). We hold that, in applying § 2D1.1(b)(1), the court need not find a *connection* between the firearm and the offense. If it finds that the defendant *possessed* the weapon during the commission of the offense, the enhancement is appropriate.

■ The judge reasonably inferred from the evidence that Restrepo possessed the weapon during the commission of the offense. Several of the offenses charged took place at his residence. Agents found the loaded automatic pistol hidden between the mattress and the box spring of his bed, in the same room as equipment used for drug distribution. They also found drugs in several places in his home. *See United States v. Gillock*, 886 F.2d 220, 222 (9th Cir.1989) (sentence enhanced because weapon found in closet with drugs); *United States v. Jones*, 875 F.2d 674, 676 (8th Cir.1989) (per curiam) (sentence enhanced because firearms were located in close proximity to drugs); *United States v. Otero*, 868 F.2d 1412, 1415 (5th Cir.1989); *cf. United States v. Vasquez*, 874 F.2d 250, 251 (5th Cir. 1989) (error to enhance sentence where police found a loaded .38 caliber pistol in defendant's bedroom, but his arrest occurred several miles away at the scene of the purchase, and the government made no showing that the gun and drugs were ever less than several miles apart). The court's finding that Restrepo possessed the firearm during at least one of the offenses is not clearly erroneous.

■ The Commentary to Sentencing Guidelines § 2D1.1 provides an exception to the enhancement rule. Enhancement is not appropriate if the court finds that "it is clearly improbable that the weapon was connected with the offense." Sentencing Guidelines § 2D1.1 at commentary note 3. The Commentary interprets the Guidelines and explains their application. *Id.* § 1B1.7. Failure by the trial judge to follow the Commentary may constitute an incorrect application of the Guidelines. *Id.*

Restrepo argued for the application of the exception at his sentencing hearing. The court distinguished this case from an example in the Guidelines Commentary. The enhancement does not apply where a defendant is arrested with an unloaded hunting rifle in his closet. *Id.* § 2D1.1 at commentary note 3. The facts demonstrate it was not clearly improbable that the weapon found in his bed was connected with the drug offenses.

■ Restrepo argues that the exception in the Guidelines Commentary violates the Due Process Clause by placing the burden on him to show that there was no connection between the weapon and the offense. He argues that the Guideline requires proof of a connection, and the Commentary establishes an impermissible presumption that a connection existed unless the defendant proves such a connection was clearly improbable. *See Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). We disagree.

As explained earlier, the language of the Guidelines does *not* require that a *connection* be shown. Rather, it requires only that the weapon be *possessed* during commission of the offense. The Commentary, therefore, creates an exception to the terms of the Guideline, not a presumption that a connection existed. The Due Process Clause does not require that the government prove the absence of every possible exception or mitigating circumstance. *See Patterson v. New York*, 432 U.S. 197, 210–11, 97 S.Ct. 2319, 2327–28, 53 L.Ed.2d 281 (1977) (no due process violation when the burden was placed on the defendant to prove an affirmative defense which was not a material element of the offense); *McMillan v. Pennsylvania*, 477 U.S. 79, 88, 106 S.Ct. 2411, 2417, 91 L.Ed.2d 67 (1986) (visible possession of a firearm in the application of a state's mandatory sentencing statute was not a material element of the offense).

*B. Objection to Limiting Instruction*

■ Restrepo argues that the judge's limiting instruction to the jury that it could consider prior criminal acts to prove his

state of mind was improper. He argues that it unduly emphasized the evidence of prior acts.

The judge did not abuse his discretion in giving the instruction. First, a judge may give a limiting instruction *sua sponte. See United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir.1979). Second, the judge here weighed competing concerns properly. Third, there is a presumption that the jury follows the instructions. *See McKenzie v. Risley*, 842 F.2d 1525, 1533 n. 16 (9th Cir.) (en banc), *cert. denied*, — U.S. —, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988). There was no error.

### C. Special Assessments

 Restrepo asserts correctly that the judge's imposition of a special assessment under 18 U.S.C. § 3013 (1982 & 1987 Supp. V) was improper. In *United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir.1988), *petition for cert. filed*, 58 U.S.L.W. 3012 (U.S. May 30, 1989), we held this statute to have been enacted unconstitutionally. We vacate the assessment. In all other respects the conviction is AFFIRMED.