892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clay BROWN, Jr., Defendant-Appellant.
 No. 89-10097.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1989.
Decided Dec. 15, 1989.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Clay Brown, Jr. appeals his conviction for criminal conspiracy and aiding and abetting in the sale of a stolen 1988 Chrysler automobile in violation of 18 U.S.C. §§ 2, 371 (1982) and 18 U.S.C. § 2313 (1984). He also appeals the enhancement of his sentence under section 3B1.1(c) of the Federal Sentencing Guidelines (1987) upon the finding that he was an "organizer, leader, manager, or supervisor" of a car theft ring. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * In September 1987, Brown's co-defendant, Charlie Franklin, responded to a newspaper ad for an automobile part placed by FBI operative Joe Holmes. After Franklin indicated his ability and willingness to sell stolen cars, Holmes had the FBI tape record further conversations.
 
 
 4
 The following month, Franklin and Brown met with Holmes and FBI agent Charles Johnson, Jr. in Las Vegas in connection with the sale of a stolen Mercedes Benz for $1,200. This meeting was also tape-recorded. Brown informed Holmes and Johnson that he could supply their automobile needs; he further stated that they could contact him through Franklin.
 
 
 5
 On November 9, in a taped conversation with Holmes, Brown indicated that he had a gray or silver 1987 Chrysler Fifth Avenue available for sale. Later that day, he and Holmes negotiated the price. Subsequently, Brown enlisted the aid of one of his employees, Edward Rembert, to drive a stolen 1988 silver Chrysler Fifth Avenue from Brown's Los Angeles garage to Las Vegas. Rembert and Franklin drove the Chrysler to Las Vegas.
 
 
 6
 After the sale was consummated, Brown negotiated with Holmes for an additional $700 for the Chrysler. He later informed Holmes that he was responsible for many of the stolen vehicles Franklin had previously supplied him. Brown did not suspect that Holmes was recording that conversation as well. Later that month, the FBI moved in. Franklin pled guilty. Brown went to trial for criminal conspiracy and aiding and abetting in the sale of the stolen Chrysler. His conviction and sentence are the subject of this appeal.
 
 II
 
 7
 Brown first contends that the district court erred by admitting into evidence the tapes in which he referred to the sale of the 1987 Chrysler. Because the indictment concerned the sale of a stolen 1988 Chrysler, Brown argues, the tapes should have been excluded under Federal Rule of Evidence 403.
 
 
 8
 We will reverse the admission of evidence under Rule 403 only upon finding a clear abuse of discretion. Coursen v. A.H. Robins Co., 764 F.2d 1329, 1333 (9th Cir.1985). Rule 403 permits the exclusion of relevant evidence where "its probative value is substantially outweighed by the danger of unfair prejudice...." Fed.R.Evid. 403 (emphasis added). The choice of the term "substantially outweighed" in Rule 403 reflects a "basic policy favoring admissibility of relevant evidence." United States v. Hearst, 563 F.2d 1331, 1348-49 (9th Cir.1977), cert. denied, 435 U.S. 1000 (1978).
 
 
 9
 The thrust of Brown's argument is that because the taped conversation refers to a 1987 Chrysler, the danger of unfair prejudice substantially outweighs its probative value in establishing his intent to sell a stolen 1988 Chrysler. However, within the context of Rule 403, "unfair prejudice" means "an undue tendency to suggest decision on an improper basis...." Advisory Committee Notes on Rule 403, 56 F.R.D. 183, 218 (1978). We find little danger that a one-year difference in the car model would suggest an improper basis for inferring that Brown was referring to the stolen vehicle. Therefore, the district court did not abuse its broad discretion.
 
 III
 
 10
 Brown next challenges the sufficiency of the evidence to convict him. Our task on appeal is to determine "whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendant[] guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.) (quotation omitted), cert. denied, 110 S.Ct. 179 (1989). We examine the charges against Brown in turn.
 
 
 11
 * Under 18 U.S.C. § 371, the offense of conspiracy consists of "(1) an agreement to accomplish an illegal objective; (2) the commission of one or more overt acts in furtherance of the illegal purpose; and (3) the requisite intent by the defendant to commit the target offense." U.S. v. Bonanno, 852 F.2d 434, 440 (9th Cir.1988), cert. denied, 109 S.Ct. 812 (1989). "The prosecution need not show the agreement to have been explicit. An implicit agreement may be inferred from the facts and circumstances of the case." Hernandez, 876 F.2d at 777 (quotation omitted).
 
 
 12
 We find the following evidence sufficient to support a conviction of conspiracy: (1) testimony that Brown and co-defendant Franklin met with federal agents discussing the availability of stolen cars; (2) Brown's statement to Holmes that Franklin would act as an intermediary; (3) Brown's later statements to Holmes regarding the sale of a recent model Chrysler; and (4) testimony regarding Brown's enlistment of Rembert and Franklin to deliver car to Las Vegas. The jury apparently relied heavily upon the testimony of Franklin and Holmes. We decline to upset its determination of credibility on appeal. See United States v. Vaccaro, 816 F.2d 443, 454 (9th Cir.), cert. denied, 484 U.S. 914, 928 (1987); United States v. Coletta, 682 F.2d 820, 825 (9th Cir.1982), cert. denied, 459 U.S. 1202 (1983). Franklin's criminal participation does not require a contrary result. See Vaccaro, 816 F.2d at 454.
 
 B
 
 13
 The jury convicted Brown of aiding and abetting the sale of the Chrysler, thereby making him punishable for the sale of the stolen Chrysler.[1] To sustain a conviction of aiding and abetting, the government need only show that Brown intentionally associated himself with the criminal venture and sought to make it succeed by his active participation. See Vaccaro, 816 F.2d at 455. The jury may infer Brown's intent from circumstantial evidence. See id.
 
 
 14
 We find the following evidence sufficient to sustain a conviction of aiding and abetting: (1) testimony that Brown represented his ability and intention to obtain whatever car the agents wanted; (2) evidence of Brown's involvement in price negotiations; and (3) evidence that Brown arranged for delivery of the stolen Chrysler. Viewing this evidence in the light most favorable to the prosecution, we find that a jury could infer both Brown's intent to bring about the illegal sale and his efforts to bring it to fruition. Thus, it had sufficient evidence to convict Brown of conspiracy.
 
 IV
 
 15
 Finally, Brown appeals the district court's decision to raise his sentence two levels in accordance with section § 3B1.1 of the Federal Sentencing Guidelines (1987).[2] Specifically, he challenges the court's determination that he was "an organizer, leader, manager, or supervisor" of the conspiracy.
 
 
 16
 We review the district court's factual findings in connection with its sentencing determination for clear error. See 18 U.S.C. § 3742(d) (Supp.1989); United States v. Restrepo, 884 F.2d 1294, 1295 (9th Cir.1989).
 
 
 17
 At the sentencing hearing, the government referred the district court's attention to Brown's tape-recorded statements that he was the source of many automobiles. The court also relied upon evidence of Brown's active role in the sale of the Chrysler. We do not find the court's inferences drawn from this evidence clearly erroneous. See Commentary to Sentencing Guideline § 3B1.1 (1987).
 
 V
 
 18
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 2 provides in relevant part:
 (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
 
 
 [2]
 § 3B1.1 Aggravating Role
 Based on the defendant's role in the offense, increase the offense level as follows:
 (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extendsive, increade by 4 levels.
 (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity invloved five or more participants or was otherwise extensive, increase by 3 levels.
 (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.