927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pilar DELGADILLO-MALDONADO, Defendant-Appellant.
 No. 90-1020.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.*
Decided Feb. 27, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 88 CR 674, James B. Zagel, Judge.
 N.D.Ill.
 AFFIRMED.
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Defendant-appellant, Pilar Delgadillo-Maldonado, pleaded guilty to one count of conspiracy to distribute cocaine and one count of distributing cocaine in violation of 21 U.S.C. Secs. 846 and 841(a)(1), respectively. In calculating defendant's sentence, the district court added two points to defendant's base offense level pursuant to Sentencing Guideline Sec. 2D1.1(b)(1) because it concluded that defendant possessed a firearm during the commission of the offense. Delgadillo-Maldonado appeals and contends that the increase was not warranted. We affirm.
 
 
 2
 On July 6, 1988, Jose Aviles, Delgadillo-Maldonado's co-defendant, went to defendant's apartment where he picked up cocaine from defendant. Aviles then sold the cocaine to undercover agents of the Drug Enforcement Administration (DEA). On July 14, 1988, Aviles again went to defendant's apartment where he picked up cocaine and then sold it to the DEA agents. On August 5, 1988, Aviles again went to appellant's apartment where he picked up approximately one kilogram of cocaine wrapped in duct tape from defendant. Aviles then sold the cocaine to an agent, and he was arrested.
 
 
 3
 The DEA agents then went to defendant's apartment, knocked, and announced who they were. Other agents stationed at the back of the building saw defendant exit the back door, throw two objects into a trash can, and start walking away from the apartment building. The agents arrested him and recovered approximately 300 grams of sodium bicarbonate[1] and seven $500 money wrappers from the trash can.
 
 
 4
 Defendant then consented to a search of his apartment. The agents found a fully loaded nine-millimeter semi-automatic firearm hidden under the mattress in a bedroom and two fully loaded magazines on the nightstand. Elsewhere in the apartment, the agents found a roll of duct tape and a triple beam scale. A laboratory analysis of the duct tape wrapped around the kilogram of cocaine Aviles sold to the undercover agent on August 5, 1988 established that the tape came from the roll recovered from defendant's apartment during the search.
 
 
 5
 Defendant was indicted on three counts of distributing cocaine and one count of conspiracy to distribute cocaine. After an initial guilty plea was withdrawn, defendant pleaded guilty to one count of possessing with intent to distribute and distributing cocaine and one count of conspiracy. The presentence investigation report recommended a two-level increase in the base offense level for possessing a weapon during the commission of a drug trafficking offense. Defendant objected. He argued that because he had left his apartment by the back door and abandoned the firearm, he did not possess it when he was arrested. He also argued that there was no evidence that he used or was emboldened by the gun during the commission of the offense. The district court rejected defendant's argument and found that the location of the gun at the time of arrest was not relevant. Rather, the court stated that what was relevant was the location of the firearm at the time defendant gave Aviles the cocaine while in the apartment, or, at the least, at the time the agents were knocking at the front door before defendant fled. The court found that defendant possessed a firearm during the commission of the offense and increased his offense level by two.
 
 
 6
 We must affirm defendant's sentence unless it was "imposed in violation of law or as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. Sec. 3742(f)(1); see United States v. Guerrero, 894 F.2d 261, 265 (7th Cir.1990). We must accept the district court's findings of fact unless they are clearly erroneous, and we must give due deference to the district court's application of the guidelines to the facts. See id.
 
 
 7
 Defendant acknowledges that Aviles picked up the cocaine from him at his apartment. He argues, however, that he did not possess the loaded firearm during the commission of the offense because when he was arrested he was in the alley and had abandoned the gun which was still under the mattress. Defendant's argument overlooks the language of guideline Sec. 2D1.1(b)(1) which states: "If a dangerous weapon (including a firearm) was possessed during the commission of the offense, increase by 2 levels." The relevant offenses are the distributing cocaine and the conspiracy to distribute cocaine. These offenses were committed in defendant's apartment when Aviles met with defendant and picked up the cocaine from defendant at his apartment. The firearm was present in the apartment from which defendant conducted these drug transactions. This is all that is necessary to support the two-level increase. See Sentencing Guidelines Sec. 2D1.1(b)(1), application note 3 ("The adjustment shall be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."); United States v. Durrive, 902 F.2d 1221, 1232 (7th Cir.1990) (citing United States v. Restrepo, 884 F.2d 1294, 1296-97 (9th Cir.1989)). Section 2D1.1(b)(1) does not require that a defendant use or brandish a firearm. It only requires that a defendant possess a firearm. See Durrive, 902 F.2d at 1231. The defendant did not deny that the gun was his. The defendant does not make argument and did not present any evidence to the district court to show that it was clearly improbable that the loaded firearm was connected to his drug activity. The district court's findings of fact are not clearly erroneous. Its application of the guidelines to these facts was correct. Accordingly, defendant's sentence is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Sodium bicarbonate is used to transform cocaine hydrochloride (the powered form sniffed through the nose) into cocaine based (smoked). See United States v. Alvarez, 860 F.2d 801, 814 (7th Cir.1988), cert. denied, 109 S.Ct. 1966 (1989)