996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Manuel TOVAR-LARIOS, Defendant-Appellant.
 No. 92-30433.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Manuel Tovar-Larios appeals his sentence of 27 months, imposed following his conviction by guilty plea, for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Tovar-Larios claims the district court erred by increasing his sentence under U.S.S.G. 2D1.1(d)(1) because a firearm was present during the commission of the drug offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's application of the Sentencing Guidelines. United States v. Restrepo, 884 F.2d 1294, 1295 (9th Cir.1989). We review for clear error the district court's finding that Tovar-Larios possessed a firearm during the commission of a narcotics offense. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). The government need show no connection between the gun and the crime. Restrepo, 884 F.2d at 1296. The two-level adjustment is appropriate under the Guidelines if the weapon was present during the commission of an offense, "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n. 3).
 
 
 4
 Government agents arrested Tovar-Larios in his mobile home. In the bedroom, they discovered a rifle, a .32 caliber hand gun, a four-gram scale, a triple beam scale, 121 grams of cocaine and more than $13,000 in cash. Tovar-Larios argues that, without some evidence linking the guns to the drugs, their presence in the same room was "insufficient as a matter of law to justify the increase in sentencing." He acknowledges, however, that the law in this circuit is to the contrary. In light of the contrary precedent he cites, we uphold the district court's application of the Guidelines. See Restrepo, 884 F.2d at 1295.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3