70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tomas HUERTA, Defendant-Appellant.
 No. 95-30036.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Nov. 21, 1995.
 
 Before: BOOCHEVER, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tomas Huerta (hereinafter "Tomas," to distinguish him from codefendants) appeals his sentence. The district court imposed the two level enhancement pursuant to U.S.S.G. Sec. 2D1.1(b)(1). We review for clear error. U.S. v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990). We affirm.
 
 
 3
 The guideline generally requires the two level enhancement "[i]f a dangerous weapon (including a firearm) was possessed...." U.S.S.G. Sec. 2D1.1(b)(1). The Sentencing Commission provided for the enhancement because there is "increased danger of violence when drug traffickers possess weapons." In keeping with this purpose, the adjustment applies if a gun was "present, unless it is clearly improbable that the weapon was connected with the offense":
 
 
 4
 Definitions of "firearm" and "dangerous weapon" are found in the Commentary to Sec. 1B1.1 (Application Instructions). The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in his closet."
 
 
 5
 U.S.S.G. Sec. 2D1.1, Application Note 3.
 
 
 6
 Tomas does not dispute that his guns were "possessed" and "present." They were in his kitchen cabinet. He urges that he should have been given the benefit of the Application Note language, "unless it is clearly improbable that the weapon was connected with the offense." He argues that because there was no evidence that the guns were loaded, and they were in the kitchen cabinet and not on his person, it is "clearly improbable" that the guns were connected with his distribution of cocaine from his residence.
 
 
 7
 The district judge considered this issue, and found against Tomas on the "clearly improbable" exception. The judge noted that it is unusual to keep one's guns in the kitchen cabinet, and the one obvious reason why Tomas might keep them there is that he kept his drug selling paraphernalia in the same immediate area:
 
 
 8
 In this case we have the three semiautomatic weapons located over your sink, not a likely place for the location of guns that were being kept for collectibles, that were also located in the same area, actually in the immediate area, the same area, as scales used for weighing drugs, pagers used in the transaction of the business, police scanners, and other stolen property.
 
 
 9
 We know based on the decisions which have come down from the Appellate Courts that it is usual for people dealing in quantities of drugs to have guns for protection not only of themselves but their drugs. Here, the purity of the drugs and the quantities that you were dealing in clearly substantiate the drug trafficking activity. I think in light of logic and common sense, the Court necessarily has to find, particularly in light of U.S. v. Heldberg, 907 F.2d 91, a 1990 case, that there was this nexus and the two-point enhancement is correct.
 
 
 10
 The district judge's discussion of the facts is persuasive (though it need not meet that standard), and of the law, correct. If guns are kept in a highly unusual place, in the immediate area of equipment for selling illegal drugs, it is a fair inference that the guns are there in order to enable the drug dealer to protect his inventory and proceeds from sales. The oddness of keeping guns in the kitchen cabinet naturally raises the question, "why were his guns in the kitchen cabinet, instead of in a gun cabinet or some other normal place?", and the drug selling paraphernalia answers the question. Whether the guns were loaded does not control whether Tomas gets the enhancement, under United States v. Heldberg, 907 F.2d 91, 93 (9th Cir.1990).
 
 
 11
 The government does not have to prove a connection between the gun and the drug selling offense, in order to get the adjustment. U.S. v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989).
 
 
 12
 Tomas would have us distinguish Heldberg, because the criminal in that case had ammunition in his briefcase, but here, the presentence report is silent on whether ammunition was present. This distinction is too remote from the question raised by the exception, whether "it is clearly improbable that the weapon was connected with the offense," to make a difference. Even in the hypothetical circumstance that the guns were not loaded, if Tomas pointed one in a troublesome customer's face, only an unusually aggressive customer would gamble that there was not a cartridge in the chamber. The guidelines expressly provide that an appearance of dangerousness suffices to make an object a "dangerous weapon":
 
 
 13
 "Dangerous weapon" means an instrument capable of inflicting death or serious bodily injury. Where an object that appeared to be a dangerous weapon was brandished, displayed, or possessed, treat the object as a dangerous weapon.
 
 
 14
 U.S.S.G. Sec. 1B1.1, Application Note 1(d). See also U.S. v. Smith, 905 F.2d 1296, 1300 (9th Cir.1990).
 
 
 15
 The law of this circuit is clear under Restrepo, Heldberg, and Smith. If a gun, even an unloaded gun, was possessed, the enhancement applies, unless it was clearly improbable that the gun was connected with the offense.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3