76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kurtis Lee BRISTOW, Defendant-Appellant.
 No. 95-55498.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 26, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kurtis Bristow appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Bristow's appeal raises a single claim which the district court rejected after considering the merits: 1) that Bristow received ineffective assistance of counsel. Furthermore, Bristow's appeal raises two claims which the district court considered waived: 2) that his sentence was improperly enhanced under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm; and 3) the amount of methamphetamine attributed to Bristow at sentencing was erroneous. Additionally, Bristow raises two claims for the first time on appeal: 4) that the district court erred by imposing a sentence contrary to the government's recommendation, and 5) that his co-conspirators were producing L-methamphetamine, which changes Bristow's offense level. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 Bristow claims that his counsel was ineffective for failing to appeal the application of a two-point enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) (Nov. 1990). Additionally, Bristow claims that his counsel was ineffective for failing to appeal the district court's decision to hold Bristow accountable for the amount of methamphetamine capable of being produced by his co-conspirators under U.S.S.G. §§ 1B1.3(a)(2) (Nov. 1990) and 2D1.4(a) (Nov. 1990).[1]
 
 
 4
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984). Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 5
 Bristow fails to show any prejudice. See Id. The uncontested facts showed that when Bristow's vehicle was stopped by law enforcement, a gun was found in a tool chest located inside the vehicle. It was not clearly improbable that the gun in Bristow's vehicle was connected to the drug offense. Therefore, the district court was authorized to apply a two-point enhancement for possession of a firearm during the drug offense. See United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989).[2] Likewise, Bristow cannot show prejudice as a result of his counsel's failure to appeal the district court's calculation of the amount of methamphetamine for which he was held accountable. Because the amount of methamphetamine seized did not adequately reflect the scale of the conspiracy in which Bristow participated, the district court properly approximated a quantity which the laboratory was capable of producing using the least abundant precursor chemical. We find that the district court did not err in its calculation or in its conclusion that such amount was reasonably foreseeable by Bristow. See U.S.S.G. §§ 2D1.4(a), comment. (n. 2) (Nov. 1990) and 1B1.3, comment. (n. 1) (Nov. 1990). Bristow's claims of ineffective assistance of counsel therefore fail. See Strickland, 466 U.S. at 492.
 
 
 6
 Because Bristow's ineffective assistance of counsel claims necessitated that we address the merits of claims two and three, it is not necessary for us to decide whether United States v. Frady, 456 U.S. 152, 162-66 (1982) resulted in the waiver of such claims. As previously discussed, claims two and three of Bristow's appeal are without merit.[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bristow's also argues that his counsel was ineffective because he was told his sentence would only be eight years and because his counsel failed to appeal the government's alleged noncompliance with the plea agreement. However, because Bristow did not raise these issues in his § 2255 motion, we need not consider them on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990)
 
 
 [2]
 Contrary to the argument contained in Bristow's "Supplemental Brief", the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995) does not change our analysis. Bailey involved a statutory interpretation of 18 U.S.C. § 924(c)(1), and not U.S.S.G. § 2D1.1(b)(1). See id. at 509
 
 
 [3]
 Likewise, we need not address claims four and five of Bristow's appeal because these claims were not raised in Bristow's § 2255 motion. See Keller, 902 F.2d at 1395