120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United STATES of America, Plaintiff-Appellee,
v.
Mario Ramon Goni, Defendant-Appellant.
 No. 96-10173.
 United States Court of Appeals, Ninth Circuit.
 July 24, 1997.
Submitted July 22, 1997**
 
 Before: HUG, Chief Judge, KOZINSKI AND LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mario Ramon Goni appeals his sentence imposed following his guilty plea to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Goni contends that the district court erred by enhancing his sentence for possession of a firearm pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's interpretation of the Sentencing Guidelines. See United States v. Restrepo, 884 F.2d 1294, 1295 (9th Cir.1989). We review the district court's factual findings for clear error. See id.
 
 
 4
 A two-level enhancement is proper in sentencing for drug offenses "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2Dl.1(b)(1), comment. (n.3). "[T]he court need not find a connection between the firearm and the offense." Restrepo, 884 F.2d at 1296. A weapon found in a defendant's residence, even after the commission of the offense, is considered to be "possessed" for the purposes of the enhancement. See United States v. Pitts, 6 F.3d 1366, 1372-73 (9th Cir.1993). Further, it is not necessary for the weapons and drugs to be found in proximity to each other. See United States v. Willard, 919 F.2d 606, 609-10 (9th Cir.1990) (finding that guns found at defendant's place of business were possessed and that it was not clearly improbable that they were connected to drug offense at another location)
 
 
 5
 Here, the district court imposed the enhancement because weapons were found in Goni's business/residence four days after the date of the drug offense. Goni argues that enhancement was improper because there is no evidence that weapons were used in the drug offense or that the weapons were found in the same location as drugs. This argument fails, however, because it is not "clearly improbable" that the weapons were connected with the offense. See Pitts, 6 F.3d at 1373-74 (holding that shotgun found in defendant's home two months after date of last offense was possessed and it was "not clearly improbable that the gun was connected to the offenses"); Willard, 919 F.2d at 609-610 (stating that proximity between guns and drugs not required for enhancement).[1]
 
 
 6
 Thus, the district court did not clearly err in adjusting Goni's sentence in accordance with U.S.S.G. § 2D1.1(b)(1). See Pitts, 6 F.3d at 1372.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Goni also argues that it should be presumed that the weapons were for the protection of his jewelry business. However, the fact that Goninn operated a jewelry business does not make it "clearly improbable" that the weapons were connected with offense. See United States v. Heldberq, 907 F.2d 91, 92-93 (9th Cir.1990) (rejecting defendant's explanation for possession of gun and finding that it was not clearly improbable that an unloaded handgun in a briefcase in the trunk of car was connected to the offense)