**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Styran Eddie RIVERA, Defendant–Appellant.**

No. 00–10606.

D.C. No. CR–99–00379–DAE.

United States Court of Appeals, Ninth Circuit.

March 11, 2002 *.

Decided March 18, 2002.

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM **

Styran Eddie Rivera appeals his conviction and 180–month sentence imposed following his guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Rivera contends that the government failed to comply with an oral promise to move for a downward departure based on substantial assistance in a pending state case, and that the government's failure to move for the departure was not rationally related to any legitimate government purpose. This contention is belied by the record.

The record reflects that the parties did not enter into a written plea agreement, as conceded by Rivera. Rather, Rivera alleges for the first time on appeal that the parties entered into an oral agreement based on the fact that Rivera provide assistance to the state of Hawaii in a separate matter. The record does not support this conclusory allegation. Absent a violation of an agreement to file a departure motion, we review the government's decision not to file a substantial assistance motion only to determine whether the refusal was based on an unconstitutional motive. *Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524

---

able for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(1992). Rivera does not allege any improper motive, such as race or religion, behind the government's election to not request the departure. *Id.* Nothing in the record supports Rivera's generalized allegations that the government acted arbitrarily. Thus Rivera's contention fails.

Rivera next contends that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires that his conviction and sentence be vacated because he did not admit the relevant drug amounts, nor were they proven beyond a reasonable doubt at trial. Because Rivera received well under the 20 year statutory maximum for a detectable amount of a schedule II controlled substance, *Apprendi* is not implicated. Furthermore, Rivera both pleaded guilty to the specific amounts of drugs alleged in the indictment and admitted to the specific amount at sentencing.

Finally, Rivera challenges the district court's enhancement of his sentence for gun possession under U.S.S.G. § 2D1.1. We review the district court's conclusion that Rivera possessed a firearm in the commission of the offense for clear error. *See United States v. Heldberg,* 907 F.2d 91, 93 (9th Cir.1990). The proximity of the gun to the drug sales is satisfactory evidence of possession to support the enhancement. *See United States v. Restrepo,* 884 F.2d 1294, 1295–96 (9th Cir.1989).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.