**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Randall Tetsuo WONG, Defendant—
Appellant.**

No. 99–10587.

D.C. No. CR–99–00223–HG.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 24, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Randall Tetsuo Wong appeals his 63–month sentence following his guilty plea to: (1) possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (2) possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Wong challenges the district court's grouping of these offenses based on its finding that the firearm possession was in connection with the drug offense. As a result of this finding, the district court imposed a two-level enhancement for possession of a deadly weapon under U.S.S.G. § 2D1.1(b)(1) (requiring two-level increase if firearm was possessed) and denied a two-level decrease under U.S.S.G. § 2D1.1(b)(6), because Wong failed to meet the requirements of U.S.S.G. § 5C1.2(a)(2). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

We review de novo a district court's decision regarding the grouping of offenses. *United States v. Boos*, 127 F.3d 1207, 1208 (9th Cir.1997). We review for clear error the district court's finding that the defendant possessed a firearm during the commission of a narcotics offense. *United States v. Lopez–Sandoval*, 146 F.3d 712, 714 (9th Cir.1998).

Because a firearm was found in Wong's possession, to avoid an enhancement under § 2D1.1(b)(1), Wong bore the burden of proving that it was clearly improbable that

he possessed the weapon in connection with his 21 U.S.C. § 841 offense conduct. *See United States v. Restrepo,* 884 F.2d 1294, 1296 (9th Cir.1989). Based on our review of the record, we cannot say that the district court clearly erred by finding that Wong had not met this burden. *See Lopez-Sandoval,* 146 F.3d at 715 (holding that, for § 2D1.1(b)(1) to apply, defendant need not be carrying firearm when arrested-the inquiry is whether the gun was possessed during the course of criminal conduct for which the defendant was arrested).

Because the gun possession was considered as a specific offense characteristic in the drug offense, the district court did not err by grouping the offenses. *See* U.S.S.G. §§ 3D1.2(c); 3D1.2 comment. n. 5 (providing example of proper grouping where defendant is convicted of use of a firearm in a bank robbery and unlawful possession of that firearm).

AFFIRMED.[1]

---

1. We deny Wong's motion for an order granting re-briefing or supplemental briefing.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.