**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Wayne Anthony REID, Defendant—
Appellant.**

**No. 00–50393.
D.C. No. CR–98–00981–JSL.**

United States Court of Appeals,
Ninth Circuit.

Submitted on July 22, 2002.*

Decided July 29, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See   Fed. R.App. P. 34(a)(2).

58

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

### MEMORANDUM **

Wayne Anthony Reid appeals his conviction and 108–month sentence following his guilty plea to two counts of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and one count of possession of a firearm by an illegal alien, 18 U.S.C. § 922(g)(5). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

We review de novo whether a statute is facially constitutional, *United States v. Jones,* 231 F.3d 508, 513 (9th Cir.2000), and a district court's interpretation and application of the Sentencing Guidelines, *United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996). We review for plain error a defendant's contention that a district court erred under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) when he did not raise the issue below. *See United States v. Buckland,* 289 F.3d 558, 568 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). We review for clear error the district court's finding that the defendant possessed a firearm during the commission of a narcotics offense, *United States v. Lopez–Sandoval,* 146 F.3d 712, 714 (9th Cir.1998), and its determination that a defendant was not a minor or minimal participant, *United States v. Murillo,* 255 F.3d 1169, 1179 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1342, 152 L.Ed.2d 245 (2002).

We have already rejected the contention that 21 U.S.C. § 841(a)(1) is facially unconstitutional. *See Buckland,* 289 F.3d at 567.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

■ We also reject Reid's contention that his sentence should be vacated under *Apprendi* because, to calculate it, the district court relied on drug quantities not proven to a jury beyond a reasonable doubt. A district court does not err under *Apprendi* where, as here, it sentences a defendant within the statutory maximum permissible for stacked consecutive sentences. *See United States v. Jordan,* 291 F.3d 1091, 1094 (9th Cir.2002); *Buckland,* 289 F.3d at 570–71.

■ Nor did the district court err by adopting the presentence report's recommended base offense level of 32. *See* U.S.S.G. § 2D1.1(c)(4) (setting base offense level at 32 for trafficking in 1000 to 3000 kilograms of marijuana). A preponderance of the evidence supported the district court's conclusion that Reid was involved in joint criminal activity with others whose conduct, i.e., distributing over 1000 kilograms of marijuana, he could reasonably foresee. *See* U.S.S.G. § 1B1.3(a) (holding defendant accountable for all relevant conduct, including "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity"); *United States v. Gil,* 58 F.3d 1414, 1424 (9th Cir.1995) (holding district court properly estimated drug quantity based on a preponderance of the evidence).

■ Because a firearm was found in Reid's possession, to avoid an enhancement under § 2D1.1(b)(1), he bore the burden of proving it was clearly improbable that he possessed the weapon in connection with his 21 U.S.C. § 841 offense conduct. *See United States v. Restrepo,* 884 F.2d 1294, 1296 (9th Cir.1989). After reviewing the record, we cannot say that the district court clearly erred by finding Reid had not met this burden. *See Lopez–Sandoval,* 146 F.3d at 715 (holding that, for § 2D1.1(b)(1) to apply, defendant need not be carrying firearm upon arrest-rather, the inquiry is whether he possessed it during the course of criminal conduct giving rise to the arrest).

■ Reid's contention that he was entitled to application of U.S.S.G. § 5C1.2 ("the safety valve") fails because the statute under which Reid was sentenced, 21 U.S.C. § 841(b)(1)(D), carries no mandatory minimum sentence, and he was sentenced under the Sentencing Guidelines. The safety valve can provide relief only if the statutory minimum sentence exceeds that which would result from application of the Sentencing Guidelines. U.S.S.G. § 5C1.2(a) (explaining safety valve's purpose is to permit sentencing, under specified circumstances, under the Sentencing Guidelines "without regard to any statutory minimum sentence."); *see also United States v. Brinton,* 139 F.3d 718, 721 (9th Cir.1998), *overruled on other grounds by United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir.2000).

■ Finally, because Reid admitted to possessing with the intent to distribute a total of 400 pounds-181.4 kilograms-of marijuana over multiple transactions, the district court did not clearly err by denying Reid a minor-role reduction under § U.S.S.G. 3B1.2(b). *See Murillo,* 255 F.3d at 1179 ("Where drugs are present in significant quantities, that in itself is sufficient to deny a sentencing reduction [for minor role]."); *United States v. Antonakeas,* 255 F.3d 714, 727 (9th Cir.2001) (upholding denial of minor-role adjustment based on fact that defendant had supplied kilogram-quantities of cocaine on multiple occasions).

**AFFIRMED.**