UNITED STATES of America,
Plaintiff–Appellee,

v.

Conway HENDRICKSON,
Defendant–Appellant.

No. 02–30366.

D.C. No. CR–01–00119–2–RFC.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 14, 2003.

Before PREGERSON, REINHARDT,
and GRABER, Circuit Judges.

MEMORANDUM**

Conway Hendrickson appeals the 150–
month sentence imposed following his
guilty plea conviction for conspiracy to
manufacture methamphetamine and manu-
facturing methamphetamine within 1000
feet of a protected area, in violation of 21
U.S.C. §§ 841, 846 and 860. We have
jurisdiction pursuant to 18 U.S.C. § 3742
and 28 U.S.C. § 1291. We affirm.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

Hendrickson contends that the district court erred by adjusting his sentence upward two levels for possession of a dangerous weapon because it was clearly improbable that the weapon was connected to the offense. We disagree.

■ Several witnesses reported that Hendrickson owned the weapon during the course of the conspiracy, two witnesses reported that Hendrickson kept the weapon on the premises of one of the methamphetamine labs, and one witness reported that Hendrickson possessed the weapon to protect the lab. Hendrickson did not rebut this evidence. Accordingly, the district court did not abuse its discretion by enhancing Hendrickson's sentence for possession of a dangerous weapon. *See* U.S.S.G. § 2D1.1; *United States v. Lopez–Sandoval*, 146 F.3d 712, 715 (9th Cir.1998) (affirming a firearm enhancement where the firearm was not present at the time of arrest); *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir.1989) (explaining that the firearm enhancement applies if the defendant possessed a firearm unless it is clearly improbable that the weapon was connected to the offense).

Hendrickson also contends that the district court erred by adjusting his sentence upward three levels for his role as a manager or supervisor because the evidence demonstrated that Hendrickson merely manufactured and sold methamphetamine. We disagree with Hendrickson's characterization of the evidence.

■ The district court based the role enhancement on its finding that Hendrickson cooked methamphetamine and paid others to obtain supplies and materials for that endeavor. Because this evidence supports the district court's finding that Hendrickson was a manager or supervisor, the district court did not clearly err by applying the role enhancement. *See* U.S.S.G. § 3B1.1(b) comment n. 4.; *United States v.*

*Maldonado,* 215 F.3d 1046, 1050 (9th Cir. 2000) (stating that a defendant needs to exercise authority over only one other participant to merit the adjustment and a single incident of a person acting under defendant's direction is sufficient).

**AFFIRMED.**