**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alex Eduardo VELASQUEZ,
Defendant–Appellant.**

**No. 06–50637.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 6, 2008.

Robert J. Keenan, USSA–Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Los Angeles, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

### MEMORANDUM **

Alex Eduardo Velasquez appeals from the 135–month sentence imposed following his guilty-plea conviction for possession with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. § 841(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Velasquez challenges the district court's application of the firearm enhancement listed in U.S.S.G. § 2D1.1(b)(2). We conclude that the district court did not clearly err in determining that the weapon was possessed in connection with the offense and that Velasquez failed to establish that it was "clearly improbable" that the firearm was connected to the drug conspiracy. *See* U.S.S.G. § 2D1.1(b)(2); *United States v. Lopez–Sandoval,* 146 F.3d 712, 715–16 (9th Cir.1998). We reject Velasquez's contention that U.S.S.G. § 2D1.1(b)(2) unfairly imposes a heightened burden on the defendant to disprove that the firearm was possessed in connection with the offense. *See United States v. Restrepo,* 884 F.2d 1294, 1296 (9th Cir.1989).

Velasquez asserts that a condition of supervised release prohibiting him from wearing or possessing items which may connote membership in a criminal street gang is unconstitutionally vague and over-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

broad. Because Velasquez did not challenge the imposition of the condition before the district court, we review for plain error. *See United States v. Abbouchi*, 502 F.3d 850, 857 (9th Cir.2007). We conclude that the condition was not unconstitutionally vague. *See United States v. Soltero*, 510 F.3d 858, 866 (9th Cir.2007). Furthermore, "should any difficulty arise on the margin, [he] can always seek clarification from the court." *United States v. Ross*, 476 F.3d 719, 723 (9th Cir.2007).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.