**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CAMERON SHAWAYNE SMITH,

Defendant - Appellant.

No. 11-30219

D.C. No. 1:10-cr-00062-JDS-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Argued and Submitted August 7, 2012
Seattle, Washington

Before: GRABER, RAWLINSON, and BLACK**, Circuit Judges.

Appellant Cameron Shawayne Smith challenges his sentence. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Susan H. Black, United States Senior Circuit Judge for
the Eleventh Circuit, sitting by designation.

The district court did not commit clear error in concluding that Smith possessed a firearm during the commission of his drug trafficking offense and applying an enhancement pursuant to United States Sentencing Guidelines § 2D1.1(b)(1), where the firearm was in his apartment where drugs were found.  *See United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir. 1989); *see also United States v. Lopez-Sandoval*, 146 F.3d 712, 716 (9th Cir. 1998) (holding that unloaded firearms qualify for this enhancement).

The district court did not abuse its discretion in holding that Smith was ineligible for safety valve relief where the district court found that Smith failed to disclose buyers, suppliers, and general facts about the chain of distribution.  *See* 18 U.S.C. § 3553(f)(5); *see also United States v. Mejia-Pimental*, 477 F.3d 1100, 1105 (9th Cir. 2007) ("[A] defendant satisfies his 'good faith' obligation by providing the Government with truthful, complete information . . ."); *United States v. Shrestha*, 86 F.3d 935, 939 (9th Cir. 1996) (noting that the good faith requirement includes "provid[ing] information concerning co-conspirators") (citation omitted).

The district court did not abuse its discretion in determining that Smith was ineligible for the two-point reduction for acceptance of responsibility where the district court found that Smith did not admit to all conduct comprising the offense,

2

including the drug amount, his role, and his possession of the firearm. *See* U.S.S.G. § 3E1.1, cmt. n.1.

Smith's sentence was not substantively unreasonable because the district court considered arguments of counsel and the § 3553(a) factors, and sentenced Smith at the low end of the guideline range. *See United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012), *as amended* (en banc) ("In determining substantive reasonableness, we are to consider the totality of the circumstances . . .") (citation omitted).

**AFFIRMED.**