**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT KIRK BELTON,

Defendant - Appellant.

No. 13-30146

D.C. No. 4:12-cr-00078-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted February 18, 2014[**]

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Robert Kirk Belton appeals from the district court's judgment and

challenges the 88-month sentence imposed following his guilty-plea conviction for

possession with intent to distribute methamphetamine, in violation of 21 U.S.C.

§ 841(b)(1)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Belton contends that the district court erred by imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for the possession of a firearm. He contends that the government failed to present any evidence that a firearm was present during his offense, and that any connection between the recovered firearms and his offense is clearly improbable. We review a district court's interpretation of the Guidelines de novo and its findings of fact for clear error. *See United States v. Lopez-Sandoval*, 146 F.3d 712, 714 (9th Cir. 1998). The record reflects that two assault rifles and a hunting rifle were discovered inside the vehicle that Belton used to transport methamphetamine, and that Belton threw methamphetamine and a handgun out of his vehicle's window during flight from law enforcement. Under these circumstances, the district court did not clearly err in concluding that Belton possessed firearms in connection with his drug offense. *See id*. at 715 (enhancement is proper if guns were possessed at any time during course of criminal conduct); *United States v. Heldberg,* 907 F.2d 91, 92-94 (9th Cir. 1990) (connection between a handgun in defendant's vehicle and the controlled substances found in defendant's pockets at the time of his arrest was not clearly improbable).

Belton also contends it is a violation of due process to require him to show that it is "clearly improbable" that the weapons were connected with his offense.

13-30146

As Belton concedes, this argument is foreclosed by *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir. 1989), which we decline to revisit.

Belton finally contends that the district court erred by imposing a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight from law enforcement. He contends that his conduct does not justify the enhancement and that law enforcement was responsible for escalating the encounter. The record reflects that, during the course of Belton's flight, he drove into oncoming traffic at high speed, forced several motorists off the highway, and collided with a tractor-trailer while an officer was standing on the running board of his vehicle. Under these circumstances, the district court did not clearly err in concluding that Belton's flight created a substantial risk of death or serious bodily injury to another. *See United States v. Reyes-Oseguera*, 106 F.3d 1481, 1483-84 (9th Cir. 1997).

**AFFIRMED.**