**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>    v.<br><br>JOSE JESUS REYES-GALLAGA<br>VARGAS, a.k.a. Victor Vargas-Chavez,<br><br>              Defendant - Appellant. | No. 13-10649<br><br>D.C. No. 2:11-cr-00459-KJM-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Jose Jesus Reyes-Gallaga Vargas appeals the district court's judgment and

challenges the 120-month sentence imposed after he pleaded guilty to possession

with the intent to distribute methamphetamine, in violation of 21 U.S.C.

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 841(a)(1), and dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vargas argues that the district court improperly increased his base offense level by two points for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). We disagree. "In applying this enhancement, 'the court need not find a connection between the firearm and the offense. If it finds that the defendant possessed the weapon during the commission of the offense, the enhancement is appropriate.'" *United States v. Lopez-Sandoval*, 146 F.3d 712, 714 (9th Cir. 1998) (quoting *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir. 1989)). Vargas admitted to possessing the firearms during the firearm/drug sales. Even if the firearms were for sale, and not protection, Vargas still had access to them, and he could have put them to nefarious ends had he wished. *See United States v. Heldberg*, 907 F.2d 91, 94 (9th Cir. 1990).

**AFFIRMED.**