116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bennett E. BREWER, Defendant-Appellant.
 No. 96-16450.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
June 23, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, Nos. CV-96-05697-REC and CR-82-00090-REC; Robert E. Coyle, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Bennett Eugene Brewer appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for carrying firearms during the commission of drug trafficking crimes, in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we vacate and remand for dismissal.
 
 
 3
 Brewer initially filed the present action as a motion for reconsideration of his second section 2255 motion. In his motion, Brewer argued that the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995) applied retroactively to his case and mandated reversal of his section 924(c) convictions. The district court construed his motion for reconsideration as a freshly filed motion under 28 U.S.C. § 2255 and denied it on the merits. Although the district court properly labeled the motion as one under section 2255[1], it lacked jurisdiction to entertain the motion. Brewer filed the motion on June 13, 1996, and it was his fourth section 2255 petition. Brewer was therefore required to obtain an order from this court authorizing the district court to consider his successive section 2255 motion as required by the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. § 2244(b)(3)(A). Accordingly, we vacate the district court's order filed on June 25, 1996, and remand in order for it to dismiss the action.
 
 
 4
 To the extent that we construe the notice of appeal and section 2255 motion filed in the district court as a petition for certification to filed a successive section 2255 motion, we deny the petition. Brewer has not made a prima facie showing of: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See 28 U.S.C. § 2255; United States v. Lorentsen, 106 F.3d 278 (9th Cir.1997) (denying request to file successive section 2255 and pointing out that Bailey announced only a new statutory interpretation, not a new rule of constitutional law).
 
 VACATED and REMANDED for DISMISSAL.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court properly noted that because Brewer's motion raised a new legal issue not previously considered by the court, it did not meet the criteria of Rule 60(b). See Fed.R.Civ.P. 60(b)
 
 
 [2]
 The additional citations received from both parties are ordered filed. See Fed.R.App.P. 28(j)