120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United STATES of America, Plaintiff-Appellee,
v.
Adrian Anzaldo-Casillas, Defendant-Appellant.
 No. 96-36201.
 United States Court of Appeals, Ninth Circuit.
 July 24, 1997.
Submitted July 22, 1997**
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Adrian Anzaldo-Casillas appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). we have jurisdiction under 28 U.S.C. § 2255, and we affirm.[1]
 
 
 3
 Anzaldo-Casillas contends that the district court erred in denying his section 2255 motion without holding an evidentiary hearing to determine whether his guilty plea was knowing and voluntary in light of Bailey v. United States, 116 S.Ct. 501 (1995) (holding that "use" under 18 U.S.C. § 924(c)(1) requires "active employment" of a firearm). This contention lacks merit.
 
 
 4
 We review de novo a district court's decision on a section 2255 motion. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). A district court's refusal to hold an evidentiary hearing under section 2255 is reviewed for abuse of discretion. See id. A prisoner is entitled to an evidentiary hearing under section 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.
 
 
 5
 Anzaldo-Casillas admitted during his change of plea hearing that a loaded, operative, .45 caliber pistol was tucked into his waistband or belt during a cocaine transaction. The pistol was transported on or about his person and immediately available for his use. See Bailey, 116 S. Ct at 507 (stating in dicta that firearm is "carried" when offender keeps gun hidden in clothing throughout drug transaction); see also United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996) (holding that offender carried firearm if it was transported on or about his person and was immediately available for use). Thus, even if Anzaldo-Casillas did not plead guilty to facts establishing "use, of a firearm as set forth in Bailey, the record conclusively shows that he was entitled to no relief because he admitted facts fulfilling the "carry" prong of section 924(c)(1). See Bailey, 116 S.Ct. at 507; Hernandez, 80 F.3d at 1258.
 
 
 6
 Accordingly, the district court correctly denied AnzaldoCasillas' section 2255 motion and did not abuse its discretion in refusing to hold an evidentiary hearing. See Frazern, 18 F.3d at 781.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, the government's motion for submission on the briefs is granted
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we affirm on the merits, we do not reach the issue of whether Bailey v. United States, 116 S.Ct. 501 (1995), applies retroactively to initial section 2255 petitions filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Cf. United States v. Lorentsen, 106 F.3d 278, 279 (9th Cir.1997) (denying certification of successive 2255 motion under AEDPA)