120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jared WIRTHLIN, Defendant-Appellant.
 No. 96-16615.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jared Wirthlin appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for use of a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1). We review de novo a district court's decision on a § 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.[1]
 
 
 3
 Wirthlin contends that there was insufficient factual basis for his guilty plea to show that he used a firearm as defined in Bailey v. United States, 116 S.Ct. 501 (1995). This contention lacks merit.
 
 
 4
 Before accepting a guilty plea, the district court must make "such inquiry as shall satisfy it that there is a factual basis for the plea." Fed.R.Crim.P. 11(f). To sustain a conviction under the "use" prong of § 924(c)(1), the defendant must actively employ the firearm during and in relation to the predicate crime. See Bailey, 116 S.Ct. at 509.
 
 
 5
 Here, the transcript of the change of plea hearing establishes that there was sufficient factual basis to support Wirthlin's conviction for use of a firearm during a crime of violence. See Fed.R.Crim.P. 11(f). At the plea hearing, Wirthlin admitted the facts set forth in the plea agreement memorandum stating that he brandished a handgun during the commission of a bank robbery. Thus, Wirthlin actively employed the handgun during the predicate crime.[2] See Bailey, 116 S.Ct. at 508.
 
 
 6
 Accordingly, the district court did not err by denying Wirthlin's § 2255 motion. See Sanchez, 50 F.3d at 1451-52.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we affirm on the merits, we do not reach the issue of whether Bailey v. United States, 116 S. Ct. 501 (1995), applies retroactively to initial § 2255 petitions filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Cf. United States v. Lorentsen, 106 F.3d 278, 279 (9th Cir.1997) (denying certification of successive 2255 motion under AEDPA)
 
 
 [2]
 We decline to address Wirthlin's contention that the incomplete transcript of the plea proceeding violates Fed.R.Crim.P. 11 because it was not raised before the district court. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)