UNITED STATES of America,
Plaintiff–Respondent,

v.

Donald LORENTSEN, Defendant–
Petitioner.

No. 96–80324.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 1997.

Decided Feb. 4, 1997.

As Amended April 21, 1997.

Robert W. Rainwater, Assistant Federal Defender, Fresno, CA, for defendant-petitioner.

Thomas E. Flynn, Assistant United States Attorney, Sacramento, CA, for plaintiff-respondent.

Before: LAY,* GOODWIN and SCHROEDER, Circuit Judges.

## ORDER

Donald Lorentsen has moved this court for certification of his successive motion to vacate his sentence under 28 U.S.C. § 2255 as required by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, tit. I, § 105, 110 Stat. 1214, 1220 (the "Act")

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

(codified in relevant part at 28 U.S.C. § 2255). For the reasons stated below, we deny Lorentsen's motion.

Under the Act, before a successive § 2255 motion may be considered, it must be certified by a three-judge panel of the court of appeals to contain either newly discovered evidence demonstrating innocence, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (as amended). The parties agree that no new evidence is involved in this case; the sole question is whether Lorentsen's motion contains a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review.

▆▆▆ In his successive § 2255 motion, Lorentsen seeks to challenge his conviction for using or carrying a firearm in violation of 18 U.S.C. § 924(c)(1). Lorentsen relies on the Supreme Court's interpretation of § 924(c)(1) in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). As several circuits have pointed out, however, *Bailey* announced only a new statutory interpretation, not a new rule of constitutional law. *See In re Blackshire,* 98 F.3d 1293, 1294 (11th Cir.1996) (denying certification of successive § 2255 motion); *Nunez v. United States,* 96 F.3d 990, 992 (7th Cir.1996) (same); *see also Hohn v. United States,* 99 F.3d 892, 893 (8th Cir.1996) (denying certificate of appealability under 28 U.S.C. § 2253(c)). Moreover, although some courts have made *Bailey* retroactive to cases on collateral review, *see, e.g., United States v. Barnhardt,* 93 F.3d 706, 708–09 (10th Cir. 1996), that decision has not yet been made by the Supreme Court, as required by the amended section 2255. *Nunez,* 96 F.3d at 992.

▆▆▆ Lorentsen argues that notwithstanding his failure to meet the statutory criteria, the certification should be granted because failure to certify his § 2255 motion would deny him a judicial remedy and thereby raise constitutional concerns. This contention is premature, as Lorentsen has not sought other judicial remedies which may be available to him. Specifically, Lorentsen has not sought a writ of habeas corpus under 28 U.S.C. § 2241. Although recent decisions hold that state prisoners may not use § 2241 to circumvent the restrictions of 28 U.S.C. § 2254, *see Felker v. Turpin,* 116 S.Ct. 2333, 2339 (1996); *Greenawalt v. Stewart,* 105 F.3d 1287, 1287 (1997), Lorentsen is a federal prisoner. Section 2255 expressly provides that a federal prisoner may seek habeas relief if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *accord United States v. Hayman,* 342 U.S. 205, 223 (1952) ("In a case where the Section 2255 procedure is shown to be 'inadequate or ineffective,' the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing.").

A request for habeas corpus is not properly before us. If it is available, Lorentsen should seek it first in the district court.

The requested certification is DENIED.

Petitioner has filed a petition for rehearing and a suggestion for rehearing en banc. Under the Anti–Terrorism Act, "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E) (as amended). We therefore dismiss the petition for rehearing and suggestion for rehearing en banc as unauthorized.