Michael J. DAVIS, Petitioner,

v.

Joseph H. CRABTREE, Respondent.

No. CV–98–8–RE.

United States District Court, D. Oregon.

July 1, 1998.

Christine Stebbins Dahl, Federal Public Defender, Portland, OR, Steven T. Wax, Federal Public Defender, Portland, OR, for Michael Joseph Davis.

Frank Noonan, Judith D. Kobbervig, Kenneth C. Bauman, U.S. Attorneys Office, Portland, OR, for Joseph H. Crabtree.

## OPINION

REDDEN, District Judge.

Petitioner Michael J. Davis, an inmate at FCI Sheridan, brings this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. The court dismisses the petition because it is an improper attempt to circumvent the statutory prohibition upon successive 28 U.S.C. § 2255 motions.

## BACKGROUND

In 1990, petitioner was arrested after he sold four kilograms of cocaine to an undercover officer in a park about a mile from petitioner's residence. The police did not find any firearms on petitioner's person when he was arrested. Police then obtained a warrant and searched petitioner's residence. They found an open package containing approximately a kilogram of cocaine in a room adjacent to the master bedroom, and five more kilograms of cocaine on the grounds outside the house (two kilograms in a doghouse and three kilograms in a plastic bucket beneath an exterior deck). Police also found eight guns in the residence: two rifles, two twelve gauge shotguns, and four handguns. Defendant admits that seven of the guns were his, as was the cocaine.

Petitioner pled guilty to one count of possession, with intent to distribute, five kilograms or more of cocaine. This court sentenced him to 188 months in federal prison to be followed by a five year term of supervised release. (Criminal No. 90–230).

On December 20, 1993, petitioner filed a motion pursuant to 28 U.S.C. § 2255 challenging his sentence enhancement for obstruction of justice and the validity of a prior state conviction used to increase his criminal history category. (Civil No. 93–1585–RE). On February 7, 1994, this court ruled that both issues lacked merit. On March 14, 1995, the Ninth Circuit reversed in part, set aside the sentence enhancement for obstruction of justice, and remanded for resentencing. On October 2, 1995, this court sentenced petitioner to 151 months in federal prison to be followed by five years of supervised release.

In the interim, petitioner filed a second § 2255 motion, this one alleging that his conviction violated the double jeopardy clause since his home and property already had been the target of a civil forfeiture. (Civil No. 94–1581–JO). On July 17, 1996, petitioner's second § 2255 motion was denied.

In 1997, petitioner requested certification from the Ninth Circuit Court of Appeals to file a second or successive § 2255 motion, in accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, tit. I, § 105, codified in relevant part at 28 U.S.C. § 2255. On October 27, 1997, the Ninth Circuit denied petitioner's request for certification. No. 97–80496 (unpublished order).

On January 5, 1998, petitioner filed this § 2241 petition, alleging that (1) the court violated his due process rights by imposing a two-level enhancement for possession of a weapon in conjunction with the offense without making specific findings of fact, (2) that he was deprived of his sixth amendment right to effective counsel because his attorney at the trial level failed to conduct a pretrial investigation and failed to oppose the weapon enhancement at the sentencing hearing or to demand specific factual findings and an evidentiary hearing to support the sentence enhancement.

On June 4, 1998, petitioner filed a Supplemental Memorandum asserting that his attorney at the plea and sentencing hearings was "laboring under an actual conflict of interest due to divided loyalties," Supplemental Memorandum, p. 1, because he simultaneously represented petitioner's sister in her efforts to avoid forfeiture of her interest in the residence where petitioner had been residing.

Respondent protests that petitioner cannot challenge the legality of his sentence under the rubric of a § 2241 petition in order to circumvent the AEDPA's prohibition upon successive § 2255 motions. Alternatively, respondent contends that the evidence amply supports the gun enhancement, that the court made the necessary factual findings, and that the performance of petitioner's counsel was not deficient.

## DISCUSSION

Prior to 1948, petitions by federal prisoners for a writ of *habeas corpus* were governed by § 2241. In response to concerns that § 2241 petitions were unfairly burdening those courts situated near a federal prison—since under the existing rules a § 2241 petition could be filed only in the district where the petitioner was physically present—Congress enacted § 2255. *See United States v. Hayman,* 342 U.S. 205, 210–19, 72 S.Ct. 263, 96 L.Ed. 232 (1952). As a result, challenges to the legality of the conviction or sentence

are now filed as § 2255 motions and heard in the district court where the inmate was convicted and sentenced, while challenges to the computation or execution of the sentence are still filed as § 2241 petitions and heard in the district where the inmate (or his custodian) is present.

■ Petitioner's challenge is directed at the legality of his sentence. Accordingly, that challenge must be brought under § 2255, not § 2241. *See Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir.1990) (challenge to propriety of sentence must be brought under § 2255, while complaints about the manner of its execution are heard pursuant to § 2241); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984) (same). However, because petitioner previously has filed one or more § 2255 motions, the AEDPA prohibits him from filing another § 2255 motion unless he first obtains certification from the Ninth Circuit Court of Appeals that his motion falls within the narrow category of successive motions authorized by that law. Such motions must be premised upon either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. The Ninth Circuit has denied petitioner's request for certification. Petitioner has now filed a § 2241 petition in which he seeks to assert the same challenge to the legality of his sentence that he is prohibited from pursuing via a § 2255 motion.

In his Supplemental Memorandum, petitioner cites *Bousley v. United States*, —— U.S. ——, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), for the proposition that a § 2241 petition is a proper vehicle for litigating a claim of actual innocence. Petitioner's contention is incorrect for two reasons. First, the petition in *Bousley* was filed in June 1994, two years before Congress enacted the AEDPA. *Id.* 118 S.Ct. at 1607. Accordingly, unless the AEDPA is to be given retroac-

tive application, it would have no bearing upon Bousley's petition. Second, the district court recognized that Bousley's claim had been improperly filed as a § 2241 petition, but decided to construe it as a § 2255 motion instead. *Id. Bousley* does not hold that in a post–AEDPA case, a § 2241 petition either is, or is not, a proper vehicle for asserting a claim of actual innocence. On the contrary, the issue never arose in that case.

Petitioner also relies upon *Lorentsen v. Crabtree*, Civil No. 97–897–ST (D.Or.1998). In *Lorentsen*, Judge Marsh recognized a narrow window whereby a defendant who was prohibited under the AEDPA from filing a successive § 2255 motion could nevertheless assert a challenge to the legality of his conviction or sentence pursuant to § 2241.

Lorentsen was convicted of "using" or "carrying" a firearm in violation of 18 U.S.C. § 924(c)(1), based upon a very broad interpretation of those terms applied by most circuits. Subsequently, the Supreme Court narrowly construed the statute. *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), *holding limited by Muscarello v. United States*, —— U.S. ——, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). In light of the interpretation of § 924(c)(1) announced in *Bailey*, the government conceded that Lorentsen's conduct did not constitute a crime and he was therefore innocent as a matter of law. Accordingly, he was entitled to have his conviction vacated. *See Davis v. United States*, 417 U.S. 333, 346–47, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (federal prisoner who is incarcerated for conduct that is later held not to be criminal may obtain his freedom through a motion under § 2255); *Bousley*, —— U.S. ——, 118 S.Ct. 1604, 140 L.Ed.2d 828 (individual who pled guilty to § 924(c)(1) charge, based upon the prior interpretation of "using" a firearm, is entitled to have that conviction set aside if he was actually innocent of the crime as it was subsequently defined by the Supreme Court).

■ Because Lorentsen previously had filed one or more § 2255 motions, he could not file a successive § 2255 motion without first obtaining certification from the Court of Appeals. The AEDPA authorizes certifica-

tion of a successive § 2255 motion in only two circumstances, neither of which applied to Lorentsen. His motion was not based upon "newly discovered evidence" or "a new rule of constitutional law." Rather, his motion was based upon a third circumstance; namely the Supreme Court's interpretation of a statute in a manner that altered the prevailing interpretation among the lower courts and made it clear that Lorentsen had been convicted of conduct that was not a crime under the statute as properly interpreted. Congress, perhaps failing to anticipate this scenario, did not include it in the list of express exceptions to the AEDPA's prohibition upon successive § 2255 motions.

Citing the clear language of the statute, the Court of Appeals denied Lorentsen's request for certification of his successive § 2255 motion. *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir.1997) ("*Lorentsen I*"). Lorentsen argued that to deny him a remedy under those circumstances would raise constitutional concerns. The Ninth Circuit declined to address that issue because Lorentsen might still have a remedy available under § 2241. *Id.* Lorentsen then filed a § 2241 petition. Magistrate Judge Stewart, citing similar cases from several other circuits, concluded that under the circumstances Lorentsen could obtain relief via a § 2241 petition. *Lorentsen*, Civil No. 97–897–ST (Findings & Recommendations). Judge Marsh adopted the Findings and Recommendations in relevant part, with the limitations discussed above. *Id.* (Order of March 25, 1998) ("*Lorentsen II*").

*Lorentsen II* does not stand for the proposition that the AEDPA's stringent limitations on successive § 2255 motions may be avoided merely by filing a § 2241 petition instead of a § 2255 motion to challenge the legality of a conviction or sentence. On the contrary, the holding in *Lorentsen II* was expressly limited to circumstances "where a defendant is actually innocent of a crime for which he was convicted and could not have effectively raised his claim of innocence in an earlier § 2255 motion." Slip op. at 2.

Other courts that have addressed this issue have reached a similar conclusion. One of the better discussions is contained in *Triestman v. United States*, 124 F.3d 361 (2dCir.1997). *Triestman* recognized that

serious constitutional questions would arise if a person who could prove his actual innocence of the crime, based upon the existing record, and who could not have effectively raised his claim of innocence at an earlier time, nevertheless was barred by the AEDPA from obtaining judicial relief. *Id.* at 363, 378–79. Ordinarily, the courts must strive to "construe a federal statute to avoid constitutional questions where such a construction is reasonably possible." *Id.* at 377 (quoting *Arnett v. Kennedy*, 416 U.S. 134, 162, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974)).

*Triestman* observed that § 2255 does not entirely displace the traditional writ of *habeas corpus* codified in § 2241. Rather, § 2255 provides that "[a]n application for a writ of habeas corpus [pursuant to § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained ... *unless* it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (emphasis added). *Triestman* therefore construed the "inadequate or ineffective" remedy clause in § 2255 to permit the filing of a § 2241 petition in circumstances where the denial of a remedy would raise "serious questions as to § 2255's constitutionality." *Id.* at 377–78. However, *Triestman* warned against reading too much into the decision:

> This does not, of course, mean that [a remedy under § 2241] is preserved whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief. If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is "inadequate or ineffective," and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts—through statutes like the AEDPA—to place limits on federal collateral review. Courts have understandably refused to adopt this reading of the statute.

*Id.* at 376. *See also In re Dorsainvil*, 119 F.3d 245, 251 (3dCir.1997) (agreeing that there are limited circumstances where a § 2241 petition may be filed where other

remedies would be precluded by the new rules limiting successive § 2255 motions, but cautioning that the "inadequate or effective" exception must be narrowly construed to avoid eviscerating Congress' intent in enacting the AEDPA).

There are at least three circumstances where denial of a remedy on account of successive § 2255 motions might raise "serious constitutional questions." Two already are covered by the express exceptions to § 2255: (1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, and (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The third circumstance is typified by cases such as *Triestman* and *Lorentsen II:* where a subsequent court decision alters the prevailing interpretation of a statute and makes clear that the petitioner's conduct did not violate the statute, hence the conviction must ·be vacated.[1] Only in the third circumstance may the individual proceed via a § 2241 petition, since in the first two circumstances § 2255 provides an adequate remedy. Even then, before proceeding with a § 2241 petition (or perhaps simultaneously if there is a statute of limitations problem) the individual must first apply for and be denied § 2255 certification by the appropriate Court of Appeals, unless existing circuit precedent clearly establishes that the application for certification would be futile, as is the case now in many circuits with *Bailey* claims.

Given the difficulty of predicting every scenario that may potentially arise, this court declines to categorically state that there are no other exceptions to the AEDPA's prohibition upon successive § 2255 motions, but such exceptions—if they exist—will be extremely rare. Furthermore, any claim that seeks to avoid the AEDPA's prohibition upon successive § 2255 motions must, at a bare minimum, be capable of surviving the "abuse of the writ" standard (*i.e.*, either "cause and prejudice" or that "a fundamental miscarriage of justice would result from a failure to entertain the claim"), since the Supreme Court already has decided that the United States constitution is not offended by the refusal to entertain successive *habeas* petitions that do not meet this stringent test. *See McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). *Cf. Bousley,* —— U.S. at ——–——, 118 S.Ct. at 1611–12 (applying "cause and prejudice" or "actual innocence" standard).

Applying these rules to this case, it is clear that petitioner is not entitled to relief. The Ninth Circuit has rejected his application for certification to file a successive § 2255 motion, which conclusively establishes that the motion is not covered by the two express statutory exceptions to the prohibition on successive § 2255 motions. *See* 28 U.S.C. § 2244(b)(3)(E) (which § 2255 incorporates by reference). Nor has petitioner pointed to a subsequent court decision that alters the prevailing interpretation of the statute he was convicted of violating and makes clear that his conduct was not proscribed by that statute. Consequently, petitioner's claim does not fall within any of the three recognized circumstances that would entitle him to seek relief despite the AEDPA's prohibition on successive § 2255 motions.

Petitioner has not identified any other reason why the denial of a remedy in this instance would raise "serious constitutional questions." Petitioner has not even alleged, let alone demonstrated, that he is actually innocent of the crime for which he was convicted or any other extraordinary circumstance that would constitute the sort of "complete miscarriage of justice," *Davis,* 417 U.S. at 346–47, 94 S.Ct. 2298, that might give rise to a constitutional violation were he not permitted to seek *habeas corpus* relief.

In an effort to fit within the narrow window recognized in *Lorentsen II,* petitioner argues that he is "actually innocent" of the

---

1. For purposes of the instant case, it is not necessary to decide whether the subsequent "court decision" must be from the United States Supreme Court or if it can be from the Court of Appeals for the circuit in which the conviction was obtained. *Cf. Bousley,* —— U.S. ——, 118 S.Ct. 1604, 140 L.Ed.2d 828 (granting relief based on Supreme Court's interpretation of statute) and *Davis,* 417 U.S. at 346–47, 94 S.Ct. 2298 (relief can be premised upon Ninth Circuit's interpretation of statute).

two-level sentence enhancement that he received for possession of a gun during the commission of the offense.

The express statutory exception to successive § 2255 motions is limited to circumstances in which "no reasonable factfinder would have found the movant guilty of the *offense.*" 28 U.S.C. § 2255 (emphasis added). Defects in the sentencing phase of the case are not specifically mentioned. Consequently, unless the term "offense" is construed to include the sentence, this statutory exception does not authorize the filing of a successive § 2255 motion to challenge a defective sentence, such as petitioner's claim that he is "actually innocent" of his sentence enhancement. This court will not decide that question today. The statutory scheme established by the AEDPA contemplates that questions relating to certification of successive § 2255 motions will be directed to the appropriate Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(E) and § 2255. The Ninth Circuit has already rejected petitioner's request for certification of the claims originally raised in this petition.

Petitioner's only remaining hope for having his claims reviewed by this court is (1) if "actual innocence" of a sentence enhancement would constitute such a grave miscarriage of justice that the denial of *habeas corpus* relief would raise serious constitutional questions, thus allowing him to seek relief under § 2241, and (2) if, in addition, petitioner has made a *prima facie* showing of such "actual innocence."

For purposes of this petition, the court will assume, without deciding, that there are circumstances in which the "actual innocence" doctrine is applicable to a sentence as opposed to the underlying conviction. *Cf. Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (inferring that this doctrine may be available to correct a "fundamental miscarriage of justice" in the sentencing phase of a death penalty case when the claim has been procedurally defaulted); *United States v. Maybeck,* 23 F.3d 888 (4th Cir.1994) (using "actual innocence" exception to vacate sentence after parties erroneously stipulated that the defendant qualified as a career offender under the Sentencing Guidelines). For instance, this doctrine conceivably might apply to a defendant who received a career offender enhancement, and one or more of the predicate convictions was later vacated.

The next question is whether the "actual innocence" exception can ever be applied to a two-level sentence enhancement, as opposed to a death penalty, career offender, or sentence of similar magnitude. *Cf. Maybeck,* 23 F.3d at 893. This court has grave concerns concerning the application of the "actual innocence" exception in circumstances such as the two-level enhancement at issue here, but the question is academic because petitioner has not made a *prima facie* showing of "actual innocence" of his two-level enhancement for possession of a gun in connection with the offense pursuant to USSG § 2D1.1(b)(1). Petitioner focuses on the fact that he was not carrying a gun on his person at the time of his arrest. However, a search of his residence shortly after his arrest resulted in the seizure of eight guns, seven of which admittedly belonged to petitioner, along with six kilograms of cocaine. This was not a collection of antique flintlocks, but a small arsenal of modern rifles, shotguns, and handguns.

Contrary to the suggestions in petitioner's Supplemental Memorandum, the offense for which he was convicted is not limited to delivering cocaine to an undercover officer in a park about a mile from his home, but also included possession, with intent to distribute, the six kilograms of cocaine seized from his residence (or found hidden on the grounds immediately adjacent thereto). That is apparent from petitioner's entry of a plea of guilty to possession, with intent to distribute, five kilograms or more of cocaine. Only four kilograms were seized in the park, so the plea necessarily encompassed the additional kilograms seized from petitioner's residence.

The cases cited by petitioner are inapposite. In *United States v. Cazares,* 112 F.3d 1391, (9th Cir.1997), the dispositive issue was the absence of any evidence connecting the defendant to the guns, which were found in a residence jointly occupied by multiple residents most of whom were not members of the conspiracy. *Id.* at 1395–96 ("it is pure speculation whether Parra Cazares, though a resident of the apartment, ever had possession or dominion of any firearms," "or even

knew of the guns' existence or was in any way connected with them, by ownership, fingerprints, or otherwise.") By contrast, petitioner concedes that he owned and used seven of the eight guns seized at his residence. In *United States v. Montgomery,* 14 F.3d 1189 (7th Cir.1994), the defendant did not obtain the weapon until the day after one drug sale for which he was convicted, and the record was devoid of any evidence connecting the defendant with the gun during the months before, during, and after the second drug sale. *Id.* at 1198–99. Here, the guns were at petitioner's residence when the cocaine was seized.

In *United States v. Vasquez,* 874 F.2d 250 (5th Cir.1989), the defendant was convicted of *purchasing* drugs on one occasion in a parking lot remote from his home. The complete offense took place in that parking lot, and the drugs never reached his home where the gun was later found. *Id.* at 251. By contrast, the offense for which petitioner was convicted included possession of large quantities of drugs at his residence, where the guns were located. In addition, given the discovery of six kilograms of cocaine at his residence, only a mile from the park where he delivered four more kilograms to an undercover agent, it was a reasonable inference that those four kilograms had also been at petitioner's residence, where by his own admission he kept seven guns during this time period.

■ Petitioner also contends there is no evidence he actually used the guns in connection with his drug trafficking activities. However, Ninth Circuit case law does not require overt proof of such a direct connection. *United States v. Restrepo,* 884 F.2d 1294, 1296 (9th Cir.1989). "The court need not find a connection between the firearm and the offense. If it finds that the defendant possessed the weapon during the commission of the offense, the enhancement is appropriate," *id.,* unless the court finds "it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment (n. 3). *Cf. United States v. Willard,* 919 F.2d 606, 609–10 (given number and kind of weapons involved, and length of time and extent of appellant's involvement in selling drugs, it was not clearly improbable that the weapons were connected to the offense).

Evidence that petitioner used his guns for hunting and target shooting does not inoculate him against receiving a gun enhancement. The combination of guns and drugs is an aggravating factor indicative of a greater danger to the community that may warrant imposition of a higher sentence.

*Willard* and *Restrepo* also are dispositive of petitioner's contention that he is innocent of the gun enhancement simply because no guns were found in the particular room of the house in which the cocaine was found. That argument is particularly unavailing here, where kilograms of cocaine were concealed in several locations around the premises, including in the doghouse and in a bucket under an outside deck.

Petitioner has failed to make out a *prima facie* claim of actual innocence. Moreover, almost all of the "new evidence" he proffers was known to him both at the time of sentencing as well as during his prior § 2255 motions. Nor has petitioner demonstrated "good cause" (as that term has been defined by the Supreme Court, *see, e.g., McCleskey,* 499 U.S. at 493–95, 111 S.Ct. 1454) for not advancing these claims in his prior § 2255 motions. Hence, his petition would not survive even under the "cause and prejudice" standard.

■ Petitioner's remaining arguments fare no better. First, petitioner contends that the attorney who represented him during the plea and sentencing hearings was laboring under a conflict of interest by simultaneously representing petitioner's sister in her efforts to prevent forfeiture of her interest in the house. Assuming, for the moment, that this would constitute a conflict of interest, petitioner has known about this conflict from the start, yet he never raised that issue at the trial level, on appeal, at resentencing, or in his two § 2255 motions (during which motions he was represented by different counsel). This is not "new evidence," and this claim could not survive even under the *McCleskey* "cause and prejudice" standard.

■ In addition, this issue does not appear to be among those that petitioner included in his request to the Ninth Circuit for certification of his successive § 2255 motion, though

the court cannot tell for sure since that request (as opposed to the order denying the request) was not appended to the petition. Although *Lorentsen II* recognized that in certain very limited circumstances relief may be available under § 2241 when a successive § 2255 motion is barred by the AEDPA, the individual nevertheless must apply for and be denied § 2255 certification by the appropriate Court of Appeals before the district court may even consider his petition under § 2241, unless existing circuit precedent clearly establishes that the application for certification would be futile. The "conflict of interest" argument appears to be one that petitioner raised for the first time in a Supplemental Memorandum late in this case, and therefore does not even qualify for consideration by this court under *Lorentsen II*.

Moreover, petitioner has not explained how his attorney's conflict of interest would make him "actually innocent" of the crime to which he pled guilty, or of the sentence that he received. "Actual innocence" means precisely what it says. It is not an excuse to allege new procedural defects that petitioner neglected to assert on direct appeal or in the initial § 2255 motion. Plaintiff has given this court no reason to believe the alleged conflict of interest resulted in the conviction of an innocent man or a gross miscarriage in the computation of his sentence.

■ Petitioner also argues that he received ineffective assistance of counsel because his attorney failed to conduct an adequate investigation of the facts or to offer evidence at the sentencing hearing to dispute the gun enhancement. Again, these claims fail, at least in the particular procedural posture of this case, because they do not purport to establish that petitioner was actually innocent but merely that his lawyer might have done things differently. Moreover, it is unclear what additional "investigation" petitioner's attorney could have conducted when his client already possessed all of the relevant facts and had admitted that it was his cocaine and his guns that were seized. Petitioner also has failed to satisfy even the lesser "cause and prejudice" standard to excuse his failure to raise these claims earlier. His only explanation is that his previous attorneys didn't spot this issue because they failed to read the transcript of the plea hearing.

■ Finally, petitioner contends this court erred in sentencing petitioner by failing to conduct an evidentiary hearing or make specific factual findings concerning the gun enhancement. The "Fact–Finding Order" that this court entered at the time of sentencing resolved the specific factual issues disputed by the parties and then found "all other uncontroverted facts contained in the presentence report to be true and accurate." Fact–Finding Order at 2. As petitioner did not dispute the facts surrounding his possession of the guns or that he possessed a weapon in connection with a drug crime, this court found those facts to be true.

### CONCLUSION

Since petitioner has not established a *prima facie* case that he is "actually innocent" of his sentence enhancement, it is unnecessary to decide whether such a claim would even be cognizable under § 2241. The petition is merely a successive § 2255 motion. Since petitioner's claims do not fall within the very narrow exception previously recognized in *Lorentsen II*, he may not avoid the AEDPA's prohibition upon successive § 2255 motions by challenging the legality of his conviction or sentence via a § 2241 petition. The petition for writ of *habeas corpus*, filed pursuant to § 2241, is dismissed.

### ORDER

The petition for writ of *habeas corpus* (docket # 1) pursuant to 28 U.S.C. § 2241 is dismissed. Respondent's motion (docket # 9) for additional time to file an answer is denied as moot since the answer has been filed.

IT IS SO ORDERED.

### JUDGMENT

It is ORDERED and ADJUDGED that this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed.