**Steven Patrick CONLEY, Petitioner,**

v.

**Joseph CRABTREE, Warden, FCI Sheridan, Respondent.**

Civ. No. 97–1309–ST.

United States District Court, D. Oregon.

July 24, 1998.

Michael Levine, Federal Public Defender's Office, Washington, DC, for Petitioner.

Kenneth C. Bauman, Asst. U.S. Atty., for Respondent.

## ORDER

HAGGERTY, District Judge.

On July 1, 1998, Magistrate Judge Stewart issued a Findings and Recommendation (doc. # 19–1) recommending (1) denial of respondent's motion to dismiss (doc. # 16–2) because petitioner may properly pursue the claims raised under 28 U.S.C. § 2241, and petitioner has filed such a petition in the district in which petitioner is incarcerated, and (2) granting respondent's motion to transfer (doc. # 16–1). On July 23, 1998, the matter was referred to this court for review. No objections to the Findings and Recommendation were filed.

█ The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R.Civ.P. 72(b). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation of the Magistrate. *Campbell v. United States District Court,* 501 F.2d 196 (9th Cir. 1974).

No clear error appears on the face of the record, and I adopt the Magistrate's Findings and Recommendation.

## CONCLUSION·

The Magistrate's Findings and Recommendation (doc. # 19–1) is adopted. Respondent's motion to dismiss (doc. # 16–2) is denied; respondent's motion to transfer to the Eastern District of California for all further proceedings (doc. # 16–1) is granted.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATION

STEWART, United States Magistrate Judge.

Petitioner Steven Conley ("Conley"), an inmate at FCI Sheridan, brings this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Respondent has moved to dismiss the petition as improperly filed or else to transfer the petition to the Eastern District of California.

### BACKGROUND

In 1989, a jury in the Eastern District of California found petitioner guilty on drug trafficking charges, along with two counts of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Petitioner received a mandatory five year sentence for each violation of § 924(c)(1), to run consecutively to any other sentence imposed on him. During its deliberations the jury requested additional guidance from the court concerning the elements of § 924(c)(1) and, in particular, what constitutes "use" of a firearm for purposes of that statute.

On direct appeal, the Ninth Circuit affirmed Conley's conviction in an unpublished decision which followed existing circuit precedents broadly construing the "uses or carries" language in § 924(c)(1). *United States v. Conley,* 955 F.2d 48, 1992 WL 26535 (1992). The Supreme Court subsequently construed § 924(c)(1) more narrowly, holding that the "uses" prong requires the government to show "active employment of the firearm." *Bailey v. United States,* 516 U.S. 137, 144, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The practical significance of *Bailey* has been greatly limited by the Court's recent decision in *Muscarello v. United States,* —— U.S. ——, 118 S.Ct. 1911, 141 L.Ed.2d 111 (June 8, 1998), which gives a much broader construction to the "carries" prong in § 924(c)(1).

In January 1997, Conley filed a 28 U.S.C. § 2255 motion in the Eastern District of California seeking to have his § 924(c)(1) convictions vacated. Since Conley previously had filed one or more § 2255 motions, the district court concluded that he was barred

from filing another § 2255 motion unless the Ninth Circuit first certified that the motion fell within the very narrow category of successive motions authorized by Title I, § 105, of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, codified in relevant part at 28 U.S.C. § 2255. *United States v. Conley*, Criminal No. S–88–0125–EJG (Order of January 30, 1997, staying action pending certification).

When Conley did not timely apply for certification, the district court dismissed his § 2255 motion without prejudice. *Id* (Order of April 3, 1997). The court noted, however, that the request for certification almost certainly would have been futile in light of *United States v. Lorentsen*, 106 F.3d 278 (9th Cir.1997) ("*Lorentsen I* "), which held that a *Bailey* motion does not qualify for certification because it is not based upon "newly discovered evidence" or "a new rule of constitutional law," which are the only two circumstances in which the AEDPA authorizes the filing of a successive petition.

The Ninth Circuit's decision in *Lorentsen I* left open the possibility that a remedy might still be available under § 2241. *Id.* Lorentsen subsequently filed a § 2241 petition in this district, where he was incarcerated. Judge Marsh vacated Lorentsen's conviction and transferred the case to the sentencing district for further proceedings. *Lorentsen v. Crabtree*, Civil No. 97–897–ST (Order of March 25, 1998) ("*Lorentsen II* ").

In the interim, Conley likewise filed a § 2241 petition in the District of Oregon, where he is incarcerated. Respondent, perhaps still unsure of its position on this comparatively novel issue, variously argues (1) that this petition should be dismissed because Conley cannot pursue his *Bailey* claim under § 2241 and (2) that in light of *Lorentsen II* Conley can pursue his *Bailey* claim as a § 2241 petition. Respondent also proposes, as an alternative to dismissal, that the petition be transferred to the Eastern District of California. Conley objects to either dismissal or transfer, asserting that the petition has properly been filed, and that respondent has not made a sufficiently "strong showing of inconvenience" to justify a transfer. Conley urges this court to decide the merits of the *Bailey* claim based upon the

trial transcript and, if Conley prevails, to then transfer the case to California for resentencing.

## DISCUSSION

Several recent decisions have recognized a very narrow set of circumstances in which an individual precluded by the AEDPA from obtaining relief under § 2255 may seek relief under § 2241 instead. *See, e.g., Lorentsen II*, Civil No. 97–897–ST (DOr March 25, 1998); *Davis v. Crabtree*, 10 F.Supp.2d 1136 (1998); *Triestman v. United States*, 124 F.3d 361 (2d Cir.1997). To date, this exception has been applied only in cases where the petitioner alleges that, in light of the interpretation of § 924(c)(1) announced in *Bailey* and *Muscarello*, his conduct did not violate the statute, hence the conviction must be vacated. To deny relief in such instance would raise "serious constitutional questions" concerning the validity of the prohibition upon successive § 2255 motions. *Davis*, at 1140–41; *Triestman*, 124 F.3d at 377–78.

Respondent has erroneously interpreted these decisions as allowing a § 2241 petition to be filed in *every* instance where an inmate is prohibited from filing a successive § 2255 motion. In its Motion to Transfer the Petition, pp. 2–3, Respondent asserts that *Lorentsen II* cannot be confined to its facts, and that since all motions under 28 U.S.C. § 2255 raise the issue of a defect in conviction or sentence that could affect the time an inmate would serve in custody, they legally cannot be distinguished from *Lorentsen II*. Respondent's broad concession notwithstanding, the courts of this district have never endorsed such a rule.

Judge Marsh expressly limited *Lorentsen II* to its facts. In *Davis*, Judge Redden further defined the narrow circumstances in which the courts may entertain a § 2241 petition when relief would otherwise be denied because of the AEDPA's prohibition upon successive § 2255 motions:

There are at least three circumstances where denial of a remedy on account of successive § 2255 motions might raise "serious constitutional questions." Two already are covered by the express exceptions to § 2255:(1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable

factfinder would have found the movant guilty of the offense, and (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The third circumstance is typified by cases such as *Triestman* and *Lorentsen II:* where a subsequent court decision alters the prevailing interpretation of a statute and makes clear that the petitioner's conduct did not violate the statute, hence the conviction must be vacated. Only in the third circumstance may the individual proceed via a § 2241 petition, since in the first two circumstances § 2255 provides an adequate remedy. Even then, before proceeding with a § 2241 petition (or perhaps simultaneously if there is a statute of limitations problem) the individual must first apply for and be denied § 2255 certification by the appropriate Court of Appeals, unless existing circuit precedent clearly establishes that the application for certification would be futile, as is the case now in many circuits with *Bailey* claims.

Given the difficulty of predicting every scenario that may potentially arise, this court declines to categorically state that there are no other exceptions to the AEDPA's prohibition upon successive § 2255 motions, but such exceptions—if they exist— will be extremely rare. Furthermore, any claim that seeks to avoid the AEDPA's prohibition upon successive § 2255 motions must, at a bare minimum, be capable of surviving the "abuse of the writ" standard (*i.e.,* either "cause and prejudice" or that "a fundamental miscarriage of justice would result from a failure to entertain the claim"), since the Supreme Court already has decided that the United States constitution is not offended by the refusal to entertain successive *habeas* petitions that do not meet this stringent test. *See McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). *Cf., Bousley,* —— U.S. at —— ——, 118 S.Ct. at 1611–12 (applying "cause and prejudice" or "actual innocence" standard).

*Davis, supra,* at 1140–41 (footnote omitted). These cases do not support respondent's expansive interpretation of *Lorentsen II.*

■ Applying the foregoing rules to the instant case, this court concludes that Conley's § 2241 petition falls squarely within the *Lorentsen II* exception. The petition asks this court to vacate Conley's convictions under 18 U.S.C. § 924(c)(1) because, in light of the Supreme Court's decision in *Bailey,* Conley contends that the conduct for which he was convicted was not proscribed by that statute. Accordingly, consistent with the prior decisions in this district, Conley may pursue his claim in the form of a § 2241 petition.

Deciding that Conley may pursue this § 2241 petition addresses only the threshold issue. The next issue is whether the merits of Conley's petition should heard and decided by this court, or if the petition should instead be transferred to the district where Conley was convicted and sentenced, as respondent has requested.

In *Davis,* the petitioner was convicted, sentenced, and incarcerated in Oregon, so Judge Redden did not need to decide whether the petition should be transferred to another district. In *Lorentsen II,* Judge Marsh vacated the conviction and then transferred the case to the district where Lorentsen had been sentenced in order to address several remaining issues and resentence Lorentsen on the remaining convictions. *Lorentsen II* might be viewed as an indication that this court must decide the merits of the § 2241 petition. However, Judge Marsh was not ruling on a contested § 2241 petition because the government conceded that his conviction should be set aside.

This court concludes that the threshold determination of whether the petition may even proceed under § 2241 should be made here in Oregon, where the petition was filed. If the petition does fall within the narrow class of cases in which a § 2241 petition is an appropriate mechanism to challenge the validity of the conviction and sentence—a class which, at this time, is limited to *Bailey/Muscarello* cases—the case should then be transferred to the district in which the petitioner was convicted and sentenced.

■ Although the decision is discretionary [1], a number of factors weigh heavily in

---

1. Unlike a traditional change of venue analysis in a civil case, there is no presumption in favor of

the plaintiff's forum choice nor must the govern-

favor of transferring all § 2241 petitions that contain *Bailey/Muscarello* claims. In many cases the government may wish to contest whether the petitioner is actually innocent of the crime for which he was convicted. The sentencing court, and the offices of the United States Attorney and public defender that participated in the earlier proceeding, usually will be more familiar with the details of the case than their counterparts in Oregon.

In addition, when disputing "actual innocence" in *Bailey/Muscarello* cases, the government is not limited to the existing record but "should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy and would not normally have been offered before our decision in *Bailey*." *Bousley*, ——— U.S. ———, 118 S.Ct. 1604, 1612, 140 L.Ed.2d 828 (1998).[2] Moreover, in "cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* Again, the original sentencing court is best equipped to consider such matters. Relevant documents, records, and witnesses are also more likely to be located in the sentencing district.

Even where the government concedes the actual innocence claim, or if that question could be resolved as a matter of law based upon the existing record, the unique nature of *Bailey/Muscarello* claims tips the balance in favor of transfer. A conviction for violating § 924(c)(1) ordinarily does not stand alone. Rather, the accused must have used or carried a firearm in connection with the commission of a second crime. Consequently, even if this court vacated the § 924(c)(1) conviction, the petitioner would have to be resentenced on the second conviction, which

would require a transfer to the original sentencing district. The government might also seek a sentence enhancement (*e.g.*, a two-level increase) based upon the possession of a weapon in connection with the second conviction. *Cf United States v. Lopez*, 100 F.3d 98, 102 (9th Cir.1996) (allowing the government to seek a sentence enhancement after the § 924(c)(1) conviction was overturned).

Further complications might arise if the sentencing court is in a different circuit. For instance, a disputed jury instruction might have been proper under the precedents of one circuit but not the other. This court would have to choose between applying Ninth Circuit precedents or those of the circuit where the conviction was obtained. *Cf Rosendo–Ramirez v. INS*, 32 F.3d 1085, 1091–94 (7th Cir.1994) (discussing whether federal court must follow the interpretation of federal law expressed by its own circuit or the views expressed by the circuit where the challenged proceeding was held); *Adams v. Crabtree*, CV 97–1253–AS (June 19, 1998), slip op. at 10–13 (concluding that district court in this circuit must follow Ninth Circuit precedent even though the challenged proceeding was conducted in the Tenth Circuit).[3] Inter-circuit conflicts may also arise if this court vacates a conviction and transfers the case to another circuit for resentencing, and one or both parties then file an appeal.

Not all of these complications will arise in every case, and a rigid policy of transferring all cases could pose a problem if the transferee court refused to follow *Lorentsen II*. Still, transfer is the best course in the vast majority of cases, and the benefits to the parties and the clerk's office of a clear rule outweigh any detriment in those few cases where the particular circumstances might present a

ment make "a strong showing of inconvenience," as petitioner contends. Petitioner's Opposition to Motion to Transfer, p. 2, citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). Although a § 2241 petition technically is a civil action, a *habeas* claim is a category *sui generis* to which the *Decker* formula is not directly applicable.

**2.** The Court did not say whether admission of extra-record evidence is limited to cases in which the petitioner plead guilty to the charge or if it also is admissible if the petitioner was convicted at trial. The former is probably the correct inter-

pretation, since—unlike a guilty plea—the government may fairly be presumed to have presented all of its evidence at trial.

**3.** The indictments charge that Conley did "use *and* carry" (emphasis added) a firearm, even though § 924(c)(1) is worded disjunctively ("uses *or* carries"). Given the conjunctive wording of the indictment, whether the convictions can be sustained on the "carry" prong alone may depend upon the precedents of the district or circuit that reviews Conley's conviction. *Cf Bousley*, ——— U.S. at ———, 118 S.Ct. at 1612.

closer question. Transfer also is consistent with the dichotomy that Congress has established between the responsibilities of the sentencing court and those of the court in the district of incarceration. *See United States v. Hayman,* 324 U.S. 205 (1952) (discussing purpose of § 2255).

In summary, this court should make the threshold determination of whether the § 2241 petition has properly been filed. If the answer is affirmative, then the petition should be transferred to the district where the petitioner was convicted and sentenced.

## RECOMMENDATION

Respondent's Motion to Dismiss (# 16–2) should be DENIED because Conley may pursue his *Bailey/Muscarello* claim via a § 2241 petition, and that petition was properly filed in this district where Conley is incarcerated. Respondent's Motion to Transfer (# 16–1) should be GRANTED and the petition transferred to the Eastern District of California for all further proceedings.

## SCHEDULING ORDER

The above Findings and Recommendation(s) are referred to a District Judge for review. Objections to these Findings and Recommendation(s), if any, are due July 21, 1998. If no objections are filed, the Findings and Recommendation(s) will go under advisement on that date.

The response to objections, if any, are due no later than August 7, 1998. If objections are filed, the Findings and Recommendation(s) will go under advisement on the due date for the response.