UNITED STATES of America

v.

Carlton D. BRYE.

Case No. 8:07–cr–292–T–26TGW.

United States District Court,
M.D. Florida,
Tampa Division.

March 28, 2013.

Rachelle Desvaux Bedke, U.S. Attorney's Office, Tampa, FL, for United States of America.

Mara Allison Guagliardo, Mary A. Mills, Federal Public Defender's Office, Tampa, FL, for Carlton D. Brye.

## ORDER

RICHARD A. LAZZARA, District Judge.

Defendant, through appointed counsel, has filed a Motion for Reconsideration and Request for Leave to Submit Supplemental Briefing. In the motion, Defendant requests that the Court reconsider its previous order rendered March 7, 2013, and filed at docket 87, in which the Court declined to follow the directive of an order entered by a United States District Court Judge in the Southern District of Georgia (the Georgia court), where Defendant is incarcerated, granting Defendant's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and directing that he be returned to the Middle District of Florida to be resentenced by this Court. Defendant also requests leave to file a supplemental brief by April 12, 2013, and to present oral argument. Although the Government has yet to respond to the motion, the Court questions whether it will respond in opposition in view of its concessions in the § 2241 proceedings before the Georgia court that Defendant was entitled to a granting of his petition and an order directing that he be returned to the Middle District of Florida for resentencing. For the reasons that follow, Defendant's motion is due to be denied without the necessity of further briefing and oral argument.[1]

The issue of how a federal district court of incarceration deals procedurally and substantively with a § 2241 petition challenging a judgment of conviction and sentence suffered in another federal district court has, as will be explained later, bedeviled and vexed district courts

---

1. In footnote 19 of the order under reconsideration, the Court noted that its independent research had revealed no authority supporting the proposition "that the relief due Defendant under § 2241 was a return to this Court's jurisdiction for resentencing purposes." The Court acknowledges that further research has revealed such authority but, as will be explained in the body of this order, the Court declines to follow that authority.

throughout the country over the past several years under similar circumstances presented by this case. Within the context of this case, the critical issue before this Court is whether the Georgia court had the jurisdictional authority to direct this Court to resentence Defendant even though this Court and the Georgia court are coequal in terms of their jurisdiction.

A classic case confronting this issue, the reasoning of which the Court finds extremely persuasive, is *Marshall v. Yost*, 2010 WL 5053920 (W.D.Pa.2010). In that case, the petitioner filed a § 2241 proceeding in the United States District for the Western District of Pennsylvania where he was incarcerated alleging that based on changed circumstances he was serving a sentence of imprisonment imposed by the United States District Court for the Western District of Virginia which now constituted a miscarriage of justice because he no longer qualified as a career offender for sentencing enhancement purposes. Although the court dismissed the petition without prejudice for lack of jurisdiction because petitioner had failed to demonstrate that a motion to vacate under 28 U.S.C. § 2255 was inadequate or ineffective or that a miscarriage of justice had occurred, 2010 WL 5053920, at *10, the court specifically determined that "[t]his Court does not have the power to order the sentencing court to re-sentence Petitioner." *Id.*, at *9 (footnote omitted). In support of this determination, the court in *Marshall* quoted this instructive passage from the case of *Sedivy v. Richardson*, 485 F.2d 1115, 1122 n. 10 (3d Cir.1973): "American courts are heirs to a long standing principle of the common law which finds its historical foundation in the forbearance through which courts exercising coordinate jurisdiction in the name of a single sovereign refrained from interfering with the process of one another and, thereby, direct conflicts with each other were avoided. The utility produced by this concord was alone sufficient justification for its continued existence." (Quoting *Jennings v. Boenning & Co.*, 482 F.2d 1128, 1131–32 (3d Cir.1973)).

■ Another case confronting this issue is *McClain v. Owens*, 2010 WL 1418266 (D.S.C.2010). There, the petitioner filed a § 2241 petition in the United States District Court for the District of South Carolina where he was incarcerated challenging the validity of the conviction and resulting sentence imposed by a United States District Court Judge in the Middle District of Florida, Jacksonville Division, for violating the provisions of 18 U.S.C. § 924(c)(1) on the basis that he was actually now innocent of that crime by virtue of two intervening Supreme Court opinions which changed the statutory interpretation of § 924(c)(1).[2] The court in *McClain* likewise expressed concern over its authority to vacate a judgment order issued by another court. 2010 WL 1418266, at *2 (citing *Fort v. Deboo*, 2008 WL 4371398 (N.D.W.Va. 2008)). The court in *McClain* also recognized that pursuant to 28 U.S.C. § 1404(a) it could not simply transfer the § 2241 proceeding to the court of conviction, the Middle District of Florida, as other district courts of incarceration had done under similar circumstances. 2010 WL 1418266, at *3 (examining *Conley v. Crabtree*, 14 F.Supp.2d 1203 (D.Or.1998) and *Alamin v. Gerlinski*, 30 F.Supp.2d 464 (M.D.Pa.1998) in which the district courts of incarceration, despite the fact that § 1404(a) limits the transfer of a § 2241 petition, nevertheless transferred those petitions to the district courts of

**2.** *See Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) and *Muscarello v. United States,* 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998).

conviction and sentencing); *see also Short v. Schultz*, 2008 WL 305594, at *3 (D.N.J. 2008) (transferring § 2241 petition pursuant to § 1404(a) to the United States District Court for the District of Virginia where petitioner was convicted and sentenced).[3]

Instead, the *McClain* court opted to treat the § 2241 petition as a Petition for Writ of Error Coram Nobis under the All Writs Act, 28 U.S.C. § 1651(a), and to transfer it for resolution to the Jacksonville Division of the Middle District of Florida. 2010 WL 1418266, at *3. In doing

so, the *McClain* court relied in part on precedent from the Third Circuit Court of Appeals which tended to support the proposition that a Petition for Writ of Error Coram Nobis was the appropriate procedural mechanism for McClain to seek relief in the court of conviction. *Id.* (citing and quoting *In re Nwanze*, 242 F.3d 521, 526 (3d Cir.2001);[4] *see also Key v. O'Brien*, 2011 WL 3648238, at *7 (N.D.W.Va.2011) (Report and Recommendation of United States Magistrate Judge recommending to the United States District Court Judge that the § 2241 petition be treated as a Petition for Writ of Error Coram Nobis

---

**3.** 28 U.S.C. § 1404(a) provides in pertinent part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought ..." Under Eleventh Circuit precedent, "[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991); *see also Garcia v. Warden*, 470 Fed.Appx. 735, 736 (11th Cir.2012) (unpublished) (holding that "jurisdiction for § 2241 petitions lies only in the district court of confinement") (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004) and Fed. R.App. P. 22); *see also Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir.2001) (concluding that the district court in the Northern District of Florida, where petitioner was incarcerated, did not have the discretion to transfer petitioner's § 2241 petition to the district court in the Eastern District of Louisiana, where petitioner was convicted and sentenced). Consequently, a district court sitting in the Fifth Circuit or the Eleventh Circuit where the petitioner is not incarcerated would not have jurisdiction over a § 2241 petition transferred to it pursuant to § 1404(a) by a district court where the petitioner is incarcerated.

**4.** In *In re Nwanze*, 242 F.3d 521 (3d Cir. 2001), the court, in the exercise of its mandamus jurisdiction, upheld the transfer of a § 2241 petition from the court of incarceration, the United States District Court for the Western District of Pennsylvania, to the court

of conviction, the United States District Court for the Eastern District of Virginia, which is situated in the Fourth Circuit Court of Appeals. The Pennsylvania district court's opinion is reported at 97 F.Supp.2d 665. Although the appellate court expressed doubt over whether such a transfer could be effectuated under § 1404(a), which it determined applied to habeas corpus petitions, 242 F.3d at 525–26, it nevertheless brushed that doubt aside with the following observation: "We need not, however, be overly concerned with the limitations on transfer in section 1404(a), as we believe that there is a plausible argument that if Nwanze has no other remedy in the district of his conviction and sentencing, the Court of Appeals for the Fourth Circuit would approve of the district court's exercising jurisdiction under the All–Writs Act, 28 U.S.C. § 1651(a) to grant him a writ or error *coram nobis*" 242 F.3d at 526 (citing *United States v. Shamy*, 886 F.2d 743 (4th Cir.1989); *United States v. Mandel*, 862 F.2d 1067 (4th Cir.1988)). However, because the court recognized it could be wrong in its expectation that the Virginia district court would accept jurisdiction, the court denied mandamus "without prejudice to Nwanze reinstituting his habeas corpus petition in the Western District of Pennsylvania, or in such other district in which he may be confined, if the Virginia court denies him relief on jurisdictional grounds." 242 F.3d at 527. Unfortunately, this Court was unable to discover the outcome of Nwanze's transferred petition to the Virginia district court through its independent research on Westlaw or access to the PACER system.

and transferred to the United States District Court for the Southern District of West Virginia where petitioner was convicted and sentenced, which recommendation was affirmed in an order entered in *Key v. O'Brien,* case number 5:11cv11, docket 24 (N.D.W.Va.)).

After the case was transferred to the Jacksonville Division of the Middle District of Florida, the assigned district judge, Senior United States District Judge Howell Melton, on motion of the Government, dismissed McClain's petition. Importantly, the primary reason recited by Judge Melton for dismissing the petition was that "[t]he law of the Eleventh Circuit is clear that a federal prisoner in custody may not challenge an underlying federal conviction by writ of error coram nobis." *See McClain v. Owens,* case number 3:10–cv–291–J–12MCR, docket 22, pg. 2) (citing and quoting *United States v. Garcia,* 181 F.3d 1274 (11th Cir.1999) and *United States v. Brown,* 117 F.3d 471, 475 (11th Cir.1997)). It appears, therefore, that the law of the Eleventh Circuit may conflict with the law of the Third Circuit, and perhaps the law of the Fourth Circuit if the Third Circuit's "plausible argument" was correct with respect to the Fourth Circuit's jurisdictional jurisprudence under the All Writs Act, with regard to the availability of coram nobis relief to a federal prisoner still in custody.[5]

■  Finally, the Court notes that there is one district court reported opinion that would support the proposition that the Georgia court had the jurisdictional authority to resentence Defendant. In *Little v. United States,* 2002 WL 1424581, at *4 (D.Mass.2002), a United States District Court Judge in the District of Massachusetts granted Little's § 2241 petition with regard to a judgment of conviction and sentence suffered in the United States District Court for the District of Colorado and scheduled a resentencing hearing. A review of that Court's docket from the PACER system reflects that the Massachusetts district court, in conjunction with a joint motion from Little's attorney and the Government, corrected the Colorado district court's sentence to forty-eight months and ordered Little's immediate release. *See* Civ. No. 01–40077–RWZ; *but see Marshall v. Yost,* 2010 WL 5053920, at *9 (W.D.Pa.2010) (commenting that "it is highly questionable whether this Court has the power to *resentence* Petitioner for a crime committed outside of the territorial jurisdiction of this Court") (emphasis in original) (citations and footnote omitted). Whether the Georgia court will follow this opinion, consistent with 28 U.S.C. § 2243's mandate to "dispose of the matter as law and justice requires[,]" is for that court to decide.[6]  For now, however, this Court

---

5.  The outcome of McClain's case brings into sharp focus the dilemma confronting the district court of incarceration when attempting to resolve a § 2241 petition with respect to whether it should follow the precedent of the circuit where the district court of conviction is situated. This Court can only speculate that the *McClain* court was unaware of the Eleventh Circuit precedent cited by Judge Melton which precluded McClain from utilizing the Writ of Error Coram Nobis since he was still in custody. Otherwise, why would that court have treated McClain's § 2241 petition as a Petition for Writ of Error Coram Nobis and transferred the recast petition to

Judge Melton for resolution knowing full well that it would be dismissed? *See generally Conley v. Crabtree,* 14 F.Supp.2d 1203, 1207 (D.Or.1998) (discussing complications that might arise with respect to which circuit's precedent should govern in a procedural setting in which the court of incarceration considers a § 2241 petition based on a sentence imposed by a district court in a different circuit); *see also Bridges v. Vasquez,* 151 F.Supp.2d 1353, 1358 (N.D.Fla.2001).

6.  There can be no question that if Defendant had served the statutory maximum term of imprisonment allowed by law at the time the

continues to adhere to its legal position, supported by *Marshall,* and *McClain,* as well as the general observations of the courts in *Jennings* and *Sedivy* with regard to "courts exercising coordinate jurisdiction in the name of a single sovereign refrain[ing] from interfering with the process of one, another[,]" that the Georgia court had no jurisdictional authority to direct this Court, "exercising coordinate jurisdiction in the name of a single sovereign" as the Georgia court, to resentence Defendant in this case.[7]

**ACCORDINGLY,** for the reasons expressed, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration and Request for Leave to Submit Supplemental Briefings (Dkt. 94) is **denied.**[8]

---

Georgia court granted his § 2241 petition that the Georgia court had the authority to direct his immediate release under the auspices of § 2243 without disturbing his judgment of conviction. *See Dasher v. Attorney General,* 574 F.3d 1310, 1318 (11th Cir.2009) (and cases cited). In light of that fact, the Court can perceive of no logical reason why ·the Georgia court could not appoint counsel to represent Defendant, conduct a sentencing hearing at which Defendant could allocute with regard to the statutory sentencing factors embodied in 18 U.S.C. § 3553(a)(1–7), and then enter an order modifying, or as the court in *Little,* correcting Defendant's sentence consistent with the advisory sentencing guideline range (100 to 125 months of imprisonment based on a total offense level of 24 coupled with criminal history category of 17) and the statutory maximum term of imprisonment (ten years) now in effect based on the Georgia court's elimination of Defendant's designation as an armed career criminal, thus insuring his speedier release from custody. *Cf. Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994), reiterating holding of *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) "that habeas corpus is the exclusive remedy of a state prisoner who challenges the fact or duration of his confinement and seeks immediate or *speedier* release[.]" (Emphasis added).

7. Defense counsel's reliance on two cases attached to the motion as exhibits in which the courts of conviction followed the orders of the courts of incarceration and resentenced the petitioners after the courts of incarceration granted the petitioners' § 2241 petitions does not persuade this Court otherwise. Nothing in those attachments contains a substantive and· meaningful analysis of why the court of

incarceration had the jurisdictional authority to direct the court of conviction to resentence a petitioner.

The Court is also not persuaded by the cases cited in footnote three of the motion. Those cases involved a higher court of one sovereign (the federal government) entering orders which ultimately compelled a lower court of another sovereign (a state government) to grant a petitioner a new sentencing hearing. This case, by contrast, involves a court of the same sovereign possessing the same coordinate jurisdiction as this Court entering an order compelling this Court to resentence Defendant.

Finally, although the Court acknowledges the correctness of defense counsel's argument that the Georgia court had the exclusive jurisdiction to reach the merits of Defendant's § 2241 petition, that does not mean this Court cannot disagree with the reasoning employed by the Georgia court in granting the petition and therefore decline to follow its directive to resentence Defendant. As the Court 'explained in the order under reconsideration, the Georgia court's order directing this Court to resentence Defendant does not bind this Court. *See* order at docket 87, pg. 9 (citing in part *United States v. Cerceda,* 172 F.3d 806, 812 n. 6 (11th Cir.1999) (*en banc*) for the proposition that the "[o]pinion of a district court carries no precedential weight, even within the same district."). Consequently, although the Court must strictly comply with a directive from the Eleventh Circuit Court of Appeals pursuant to the "mandate rule," *see Piambino v. Bailey,* 757 F.2d 1112, 1119–20 (11th Cir.1985), the Court does not owe blind obedience or allegiance to a directive of a court of coordinate jurisdiction. ·

8. Although the Court is sympathetic to Defen-

dant's plight in light of the fact that, as explained in footnote 11 of the order under reconsideration, his appellate counsel's unexplained reason for not challenging Defendant's armed career criminal designation in the initial appellate brief may have deprived him of the effective assistance of counsel in view of a change in the law affecting such a designation, nevertheless, the Court has an unflagging obligation not to act in excess of its jurisdiction, which is precisely what would occur if it resentenced Defendant pursuant to the directive of the Georgia court's order. In the Court's view, the remedy for Defendant is for Defendant's counsel and the Government to return to the Georgia court and to request that court to adjust Defendant's sentence in the procedural manner suggested in footnote 6 of this order in light of its determination, even though respectfully disagreed with by this Court, that Defendant no longer qualifies for an armed career criminal enhancement. Based on the Government's concession before the Georgia court that Defendant is entitled to resentencing relief free from the armed career criminal designation, this Court can perceive of no reason why the Government would object to such a procedure. The Court is supremely confident that Defendant would not object to such a procedure. Indeed, on March 25, 2013, Defendant, proceeding *pro se*, filed a Motion for Supplemental Habeas Relief with the Georgia court in response to the order under reconsideration requesting relief from that court under § 2253 in the form of an order discharging him from his current term of imprisonment. *See Brye v. Haynes*, case number 2:12–cv–144–LGW–JEG, docket 17 (S.D.Ga.).